RICHARDSON _vs._ RUST.

Where a superintendent of the poor, who had claims against the county for his services and advances, sold to various persons to whom he was indebted for rent, and otherwise, specific portions of such claims, in payment of such debts, and agreed to give orders in their favor therefor when those claims were allowed; _Held_, that such creditors obtained a valid lien upon the fund; and that giving directions to the clerk of the board of supervisors to enter the several sums thus transferred, to the credit of the persons to whom they had been sold, was no breach of an injunction granted upon a creditor's bill filed subsequent to such sale.

Whether a mere agreement by the owner of a fund to pay the debt of his creditor out of such fund, when received by him, gives to the creditor an equitable lien upon the fund; _Quære?_

THIS was an appeal from a decision of the vice chancel-   Aug. 17. lor of the seventh circuit, denying an application for an attachment against the defendant, for the breach of an injunction issued upon a creditor's bill. The defendant, who was one of the superintendents of the poor of the county of Onondaga, had various claims against the towns and county for services, which could not be audited and allowed until the annual meeting of the supervisors. And being indebted for rent, which he had no other means of paying, he agreed with his landlord, several months before the service of the injunction in this case, to give him a county order, for the payment of $100 of rent then due and to become due; or, as the defendant stated in his affidavit in opposition to the motion, he sold to the landlord his claim against the county, to that extent, to pay the rent for the year; and agreed to give an order for the amount when it was allowed. He also agreed with some other persons, who had furnished him with necessaries for his family, to give them orders for portions of his claims against the towns, in payment of their respective debts. The breach of the injunction complained of was, that the defendant, at the meeting of the board of supervisors, after the injunction had been served, gave to the clerk of the board a

memorandum in writing of these claims upon the amount allowed for his services, and authorized and requested those several sums to be entered as due to the persons in whose favor he had agreed to give orders on the fund.

*E. W. Leavenworth*, for the appellant.

*P. Outwater, Jun.* for the respondent.

THE CHANCELLOR. The question presented in this case is whether the agreements made by the defendant with Wales, the landlord, and with certain other persons, who trusted him upon the faith of those agreements to pay them out of the amounts to be allowed for his claims against the county and towns, gave to such creditors an equitable lien or preferable claim upon the fund. Previous to the decision of the court for the correction of errors in the case of *Hosack & Blunt* v. *Rogers*, (18 *Wend. Rep.* 319,) I had supposed that an agreement, founded upon a good consideration, by which the owner of a fund promised to appropriate that fund to the payment or discharge of a particular debt, gave to the person with whom that agreement was made an equitable lien upon the fund. In that case, however, the court of dernier resort decided that the law was otherwise, and reversed the decision of this court on that ground; so far as I can understand the effect of that judgment. The authority of that decision was certainly very much shaken, by the opinions of the chief justice and other members of that court, when the same case again came before them upon appeal, in the year 1840. But as the decree of this court, founded upon that decision, was affirmed upon the ground that the former decision was conclusive upon the rights of the parties on that question, I might not consider myself authorized, while sitting in an inferior tribunal, to act in direct conflict with the decision as reported in 18th Wendell's Reports. I consider the authority of that case so far impaired, however, that I do not feel bound to follow it beyond the express point decided, that

a mere agreement, to pay out of a particular fund when recovered, does not give to the promissee an equitable lien upon the fund. And as the defendant in this case swears he sold the demands to the several persons, in favor of whom the orders were afterwards made, previous to the granting of this injunction, and not merely that he promised to pay them out of the fund when audited, I cannot say there was a breach of the injunction. The order appealed from must therefore be affirmed.

But as the appellant's counsel was evidently misled by the general terms of this published decision of the court for the correction of errors, and not being aware of what had subsequently occurred in that court limiting at least the extent of that decision, I shall not charge his client with costs on the appeal; though, as a general rule, the respondent who succeeds upon an appeal is entitled to his costs.