## G. F. CONNELY *v.* R. M. HARRISON & CO.

A judgment creditor garnisheed a third person who had funds in his hands belonging to the defendant in execution ; but it appeared that prior to the commencement of the proceedings in garnishment, the judgment debtor had given an order to his attorney upon the garnishee for all funds belonging to him in his hands ; that this order had been accepted ; and it further appeared that the attorney was, upon the collection of the funds, to pay them over to the creditors of his principal, and that he had so informed the creditors.—*Held :* That the attorney to whom the order was given, being nothing more than the agent of the judgment debtor, the acceptance of that order by the garnishee was merely an acknowledgment of a pre-existing obligation to pay to the judgment debtor the money in his hands ; that it created no obligation in favor of the creditors ; and that as the judgment debtor still had the money under his control, it was subject to attachment at the suit of a judgment creditor.

The mere promise of a debtor to pay his creditor out of a particular fund when collected, does not operate a transfer of the fund to the creditor, and vest in him a right of action for its recovery.

APPEAL from the Sixth District Court of New Orleans, *Howell, J.* *Mott & Fraser*, for plaintiff and appelllant. *J. Ad. Rozier*, for defendants.

LAND, J. The plaintiff, a judgment creditor of R. M. Harrison & Co., having an execution in the hands of the Sheriff, garnisheed under the statute John Culbertson, who, as receiver of the Merchants' and Planters' Insurance Company, had funds in his hands belonging to the defendants in execution.

The garnishee, in his answer to the interrogatories propounded by the plaintiff, stated that prior to the commencement of the proceedings in garnishment, R. M. Harrison & Co. had given to Edward Rawle, Esq., an order on him for all sums of money in his hands due to them, and that he had accepted the same.

It appears that Edwad Rawle was the attorney at law of R. M. Harrison & Co., and that he received the order on the garnishee, with instructions to pay the money when collected to certain creditors of his clients, and that he communicated these facts to one of the creditors for whose benefit the order had been given, before the plaintiff acquired any right on the funds in the hands of the receiver, by virtue of his garnishment.

The question to be determined upon the facts above stated is, whether the plaintiff, the attaching creditor of R. M. Harrison & Co., has a claim

CONNELY
v.
HARRISON

to the funds superior to that of the other creditors for whose benefit the order on the receiver was given.

The material and decisive fact of this case is, that Edward Rawle was not the creditor, but the mere agent or attorney of R. M. Harrison & Co. The legal consequence of this fact is, that the order on the receiver to pay Edward Rawle, was an order to pay the funds to R. M. Harrison & Co.; for in law, an order to pay to the agent is an order to pay to the principal. And as a further consequence of this fact, the acceptance of the order by the receiver was nothing more than a promise to pay the funds to R. M. Harrison & Co.

The maxim, *qui facit per alium facit per se*, is of universal application in matters of agency, and determines the legal effect of the communication which Edward Rawle made to one of the creditors for whose advantage the order had been given. When the attorney said to his creditor, I have an order from my clients on certain funds in the hands of the receiver of the Merchants' and Planters' Insurance Company, and am instructed to pay your debt out of these funds when collected, his declaration was simply that of his clients. If Harrison & Co. had said to the receiver, we request you to pay to us our money in your hands, we intend paying it over to certain creditors, and the receiver had promised so to do, would such promise, communicated to the creditors by Harrison & Co., have created a cause of action in their favor against the receiver, and have divested Harrison & Co. of their control over the funds?

Such a promise would certainly not create any right of action in favor of the creditors against the receiver, for the promise was not made to them, but to Harrison & Co., and was only the acknowledgment of a preëxisting obligation to pay to them the money in his hands. As the promise created no new obligation in favor of Harrison & Co., and as it created no obligation at all in favor of the creditors, the receiver was still bound, at the date of the garnishment, to pay the money to Harrison & Co; and as they still had the money under their control, it was subject to attachment at the suit of the plaintiff under his execution.

The mere promise of a debtor to pay his creditor out of a particular fund when collected, does not operate a transfer of the fund to the creditor, and vest in him a right of action for its recovery; for otherwise, the debt would be extinguished by such promise, and the fund would be at the risk of the creditor, contrary to the rules of law, and perhaps the intent of the parties.

The plaintiff's garnishment can only be defeated by showing a valid transfer of the funds in the hands of the receiver prior to its date,—which the order to Edward Rawle, the attorney of Harrison & Co., fails to do.

It appears from the record, that the garnishee paid the money in his hands to the Sheriff, under an order of court, to abide the event of the litigation involving the conflicting claims of the creditors of Harrison & Co.

For the reasons stated, it is ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed; and it is now ordered, adjudged and decreed, that the plaintiff's right to the funds placed by the garnishee in the hands of the Sheriff, to an amount sufficient to satisfy his judgment against R. M. Harrison & Co., together with interest and cost, be recognized and enforced as against the parties to this suit, with costs in both courts.