TREMAINE (HITCHCOCK v.). See Cases Nos. 6,538, 6,540.

TREMAINE, The KATE. See Case No. 7,-622.

TREMLETT (NICHOLS v.). See Case. No. 10,247.

## Case No. 14,168.

### Ex parte TREMONT NAIL CO.

### In re MIDDLEBORO SHOVEL CO.

[16 N. B. R. 448; 16 Alb. Law J. 417; 5 Cent. Law J. 482.] [1]

District Court, D. Massachusetts.    Nov. 22. 1877.

BANKRUPTCY—LIEN—EQUITABLE ASSIGNMENT.

A mere promise to pay out of a particular fund. when received, the promisor retaining control of such fund, and no notice being given to the person who is to pay, creates no lien or charge upon such fund.

The bankrupts were a copartnership, carrying on business under the firm name of the Middleboro Shovel Company. On the 28th day of June, 1877, Mr. Richardson, one of the partners, happened to meet in the cars Mr. Tobey, the treasurer of the Tremont Nail Company, and told him that he wanted to borrow about a thousand dollars to save him a journey to New York, where he could obtain it; that if the Tremont Nail Company would

lend him the money, it would be repaid out of the first money received from John Dunn, of New York, for whom they were filling a large order. The loan was made, and a note for thirty days was given for it. A few days after this Mr. Richardson went to New York, and found that the agents of his firm there were embarrassed, and about to fail, or had failed. He received an advance of one thousand seven hundred dollars from Mr. Dunn, and returned to Boston on the 4th day of July, and consulted with his partner about their affairs. On the 5th of July, he saw Mr. Tobey, and told him of the failure of his agents, and that he did not know how it would affect his firm, and whether he ought to pay Mr. Tobey or not; but the conclusion reached at that time was that the firm would go on for the present. Early on Friday morning, July 6th, the money was paid to Mr. Tobey, and on the same day the firm stopped payment. Negotiations were entered into for a settlement with their creditors, in the course of which complaint was made of the payment to the petitioners, and the money was then repaid to the Middleboro Shovel Company, with an express written agreement that the repayment should not prejudice the rights of the petitioners, but that they should "stand in precisely the same condition in which they would have remained if the said sum of nine hundred and ninety-four dollars and ninety-two cents had not been paid to the said Tremont Nail Company upon the said 6th of July, but had been laid aside, subject to the decision of a court of law in reference to its disposal." The shovel company afterwards went into bankruptcy, and the Tremont Nail Company proved a debt against their estate upon certain other notes, concerning which there was no dispute, and claimed that this note should be admitted as a privileged debt, to be paid in full. The case was heard by consent of parties upon oral evidence instead of a special case.

B. L. M. Tower, for petitioners.

(1) Security given, or payment made in pursuance of a valid and definite agreement entered into when the loan is made, is always valid. though the debtor may have become insolvent in the meantime. Burdick v. Jackson, 15 N. B. R. 318, and cases there cited; In re Jackson I. M. Co. [Case No. 7,153]; Cook v. Tullis, 18 Wall. [85 U. S.] 332; Ex parte Fisher, 7 Ch. App. 636.

(2) The agreement gave the petitioners an equitable assignment of the money to come from Dunn. Story, Eq. Jur. §§ 973. 1044. and cases; Smith, Manuel Eq. p. 245; 2 Spence, Eq. 860.

(3) Notice to the debtor is not essential to the valid assignment of a debt. U. S. v. Vaughan, 3 Bin. [Penn.] 394; Muir v. Schenck, 3 Hill, 228; Littlefield v. Smith, 17 Me. 327; Dix v. Cobb, 4 Mass. 508; Warren v. Copelin, 4 Metc. [Mass.] 594; Wood v. Partridge, 11 Mass. 488.

---

[1] [Reprinted from 16 N. B. R. 448, by permission. 16 Alb. Law J. 417, contains only a partial report.]

(4) Assignment of part of a debt is good in equity. Morton v. Naylor, 1 Hill, 583; Clemson v. Davidson, 5 Bin. 392; Burn v. Carvalho, 4 Mylne & C. 690; Crain v. Paine, 4 Cush. 483.

T. K. Lothrop and R. R. Bishop, for assignee, cited Row v. Dawson, 2 White & T. Lead. Cas. Eq. 1531; Christmas v. Russell, 14 Wall. [81 U. S.] 69; Hall v. Jackson, 20 Pick. 194; Field v. Megaw, L. R. 4 C. P. 660; Malcolm v. Scott, 3 Hare, 39, and notes to Am. Ed.

LOWELL, District Judge. The agreement of the parties seems to have interpreted the contingency which has arisen of the shovel company becoming bankrupts, and, I think, they intended to leave the case as it would have been if Dunn had paid his debt into court, leaving the parties to interplead upon the equitable title. In other words, that the payment should go for nothing. Virtually admitting that, considered as an ordinary payment, it would be a preference. In this I have no doubt they were wise, for the payment was made under circumstances which would warrant a jury to find accordingly, on the part of the petitioner, that they were obtaining an advantage over the other creditors, and that the debtors were probably insolvent.

The parties have acted throughout in the utmost good faith, and there is a strong moral equity, so to call it, for the petitioners; but the question is whether they had what, in equity as admitted in the courts, amounts to an assignment of part of the debt due from Dunn.

A learned judge has said that the law of equitable assignments is brought to such an exquisite degree of refinement that it is by no means easy to understand it. Field v. Megaw, L. R. 4 C. P. 660, per Brett, J. And another judge, in a case which, in one aspect, resembles the one at bar, said that the lien might depend on whether the word used was "will," or "shall," in an oral agreement collateral to a negotiable instrument. Thomson v. Simpson, 5 Ch. App. 659. In the case first above cited, the decision was that a promise to pay when a certain debt is received is not an equitable assignment of the debt. Two of the judges in that case intimate that a promise to pay out of a particular debt, or fund, would work a transfer. A like dictum was made by Lord Truro, in Rodick v. Gandell, 1 De Gex, M. & G. 763, and this was followed by a decision of a learned vice-chancellor, afterwards lord chancellor, founding himself solely on this dictum (Riccard v. Prichard, 1 Kay & J. 277); but he overruled the decision of a very eminent chancellor to the contrary (Bradley's Case, Ridg. t. Hard. 194). The refinement appears in this: that while an agreement to pay out of a fund is on the border line, it is held both in England and the United States, that any order or assignment, oral or written, to pay out of a particular fund, made upon the debtor or holder of the fund, or an agreement to give such an order, or a mere oral direction to go and receive the money and pay such and such debts with it, does operate as an equitable assignment. See Diplock v. Hammond, 2 Smale & G. 141, affirmed 5 De Gex, M. & G. 320; Gurnell v. Gardner, 4 Giff. 626; Hunt v. Mortimer, 10 Barn. & C. 44; Ex parte Carlon, 4 Deac. & C. 120; Bank of U. S. v. Huth, 4 B. Mon. 423; Newby v. Hill, 2 Metc. (Ky.) 530; Richardson v. Rust, 9 Paige, 243. In the United States, it was held many years ago that a mere promise to pay out of a particular fund, when received, the promisor retaining control over the fund, and no notice being given to the person who is to pay it, would not work an equitable assignment. Rogers v. Hosack, 18 Wend. 319. This case was remarked upon by the chancellor in Richardson v. Rust, 9 Paige, 243; but it has been followed in all the cases which I have seen, and appears to be the settled law of this country. See Hoyt v. Story, 3 Barb. 262; Christmas v. Russell, 14 Wall. [81 U. S.] 69; Trist v. Child, 21 Wall. [88 U. S.] 441, per Swayne, J.; Christmas v. Griswold, 8 Ohio St. 558; Connely v. Harrison, 16 La. Ann. 41; Eib v. Martin, 5 Leigh, 132; Ford v. Garner, 15 Ind. 298; Pearce v. Roberts, 27 Mo. 179.

With these cases before me, I cannot hold that the agreement between these parties gave any lien or charge on Dunn's debt in favor of these petitioners, and their petition to stand as privileged creditors is denied.