LANE and others, Appellants, vs. MAGDEBURG, Receiver, Respondent.

*February 3 — February 23, 1892.*

*Novation: Assignment of debt: Notice: Appointment of receiver.*

A firm which had purchased and then sold a car-load of corn mailed an order to their vendees to return the "proceeds" of the corn to the original vendors.  *Held,* that this was not the assignment of a fund, but merely an attempted novation, and, a receiver of the firm having been appointed before the order could have been received by the vendees and before the original vendors had any notice thereof, it was ineffectual.

APPEAL from the Circuit Court for *Milwaukee* County.  The facts are sufficiently stated in the opinion.

For the appellants the cause was submitted on the brief of *Rose & Bell.*  They contended that the transaction amounted to an equitable assignment, in favor of the appellants, of the proceeds of the corn sold.  *East Lewisburg*

*L. & M. Co. v. Marsh*, 91 Pa. St. 96; *McLellan v. Walker*, 26 Me. 114; *Caldwell v. Hartupee*, 70 Pa. St. 74; *Kingman v. Perkins*, 105 Mass. 111; *Fairbanks v. Sargent*, 117 N. Y. 320; *Newby v. Hill*, 2 Met. (Ky.), 530; Story, Eq. Jur. secs. 1047, 1057; *Conway v. Cutting*, 51 N. H. 408; *Mc Williams v. Webb*, 32 Iowa, 579; *Moore v. Lowrey*, 25 id. 336; *Read v. Gaillard*, 2 Dessaus. (S. C.), 552; *Nesmith v. Drum*, 8 Watts & S. 9; *Ex parte South*, 3 Swanst. 392; 1 Am. & Eng. Ency. of Law, 841; Jones, Liens, secs. 43–62; *Wright v. Ellison*, 1 Wall. 16; *Morton v. Naylor*, 1 Hill, 583; *Hoyt v. Story*, 3 Barb. 262; *Payne v. Wilson*, 74 N. Y. 348; *Grinnell v. Suydam*, 3 Sandf. 132.

For the respondent there was a brief by *Sylvester & Scheiber*, and oral argument by *F. Scheiber*.

ORTON, J. This is an appeal from an order denying the motion of the appellants, made in the case of *Holstein against Mohr*, in effect that the respondent pay over to the appellants certain money in his hands as receiver in said case, claimed to belong to them. The facts are substantially as follows:

The said Holstein and Mohr were partners in the grain commission business at Milwaukee, under the name and style of Mohr, Zinkeisen & Co. On the 7th day of July, 1891, attachment proceedings were begun against said firm at the suit of Marshall, Ilsley & Co., their creditors. Prior to that day, Mohr, Zinkeisen & Co. purchased of the appellants a car-load of corn, which was shipped to them, and without unloading the car-load was sold to Jackson Milling Company. About the same time the said firm purchased another car-load of corn of the appellants, shipped to them, and without unloading the said corn it was sold by them to Dunham & Smith, so that Mohr, Zinkeisen & Co. owed the appellants, and Jackson Milling Company and Dunham & Smith owed them, about the same amount for said corn

on the 8th day of July, 1891. On the morning of that day, Mohr, Zinkeisen & Co. mailed to Jackson Milling Company the following order:

"July 8th, 1891.

"*Jackson Milling Co., Centralia, Wis.:*— Please return proceeds car 38,652, corn, at forty-seven and a half cents a bushel net, to *H. D. Lane & Co.* Tama City, Ia.

[Signed] "Mohr, Zinkeisen & Co."

And substantially the same order was at the same time mailed by them to Dunham & Smith, Depere, Wis. Later on that day Holstein commenced an action against Mohr for the dissolution of the partnership between them and for an accounting; and the respondent was appointed a receiver of the assets of said firm. Some time afterwards the appellants made the motion which resulted in the order appealed from. There is no evidence that the Jackson Milling Company or Dunham & Smith ever received said orders, and the time was too short for them to have received them before said receiver was appointed, and the appellants were not notified and had no knowledge of them until long after the receiver was appointed and the Jackson Milling Company had paid said money to the receiver.

The learned counsel of the appellants seem to consider this money as a "fund," which had been equitably assigned to the appellants, before the receiver was appointed, by the mailing of these orders, and have cited many cases applicable to it as a "fund." But it will be observed that the corn was *sold* and *delivered* by the appellants to Mohr, Zinkeisen & Co., and by them to Jackson Milling Company and Dunham & Smith, and had passed into general market; and there remained no lien or interest of any of these parties over or in the corn. It is clear enough that this money was not a "fund," in the legal acceptation of the word. A fund is a *deposit* of resources, or money appropriated as the foundation of some commercial operation, or a store

Lane and others vs. Magdeburg.

laid up to draw from. The corn was sold, and, although the consideration money is called in the orders the "proceeds" of the corn, it was the price at which the corn was sold at so much a bushel net. It was a *debt*, and nothing but a debt. Mohr, Zinkeisen & Co. *owe* the appellants on the purchase, and Jackson Milling Company and Dunham & Smith owe them on their purchase, of the corn. It is therefore no fund, or the assignment of a fund, but strictly and properly a *novation*, where A. owes B., and B. owes C., and it is agreed that A. pay the debt directly to C.

With this clear understanding of the nature and legal character of the transactions, we are ready to apply the legal principles and authorities which govern them. The learned counsel of the appellants claim that the bare mailing of these orders to Jackson Milling Company and Dunhan & Smith, for them to pay the appellants, *ipso facto* transferred or assigned this so-called "fund" to them before the receiver was appointed, and made an appropriation of it beyond the power of recall or revocation. But the authorities cited do not any of them so hold. They are all cases where the creditor had notice or consented to receive the fund in the hands of the debtor. The debtor himself need not have notice. The orders were drawn to the appellants without their knowledge. It takes more than one party to make a contract. This was inchoate and imperfect, the beginning only, and incomplete. Neither the appellants nor the debtors had any notice of it. The orders were merely fugitive papers in the air or mail when the respondent was appointed receiver and became entitled to the money. There could not possibly be found authorities which hold that such an incompleted transaction assigned the fund. There are some sentences in some of the cases cited that briefly state the principle that such an order transfers or assigns the fund at once, but they are in cases where the payer has notice or the order has come to his

hands.   The following sentence is extracted from the head-note of *Conway v. Cutting*, 51 N. H. 407, and restated in the appellants' brief as the law of this case, as follows: "A written order by a creditor upon his debtor, requesting him to pay to a third person, is an equitable assignment of a chose in action."   The facts of the case were that the order was given to the creditor and was by him presented to the drawee and accepted.

(1) In all such cases, whether it is an attempted assign-ment of a fund as such or a novation, notice to the creditor or payee is essential.   There must be privity between them in all cases, and until the payee has notice of the order or draft the debtor may revoke or countermand it.   The money or fund still remains under his control.   *Seaman v. Whitney*, 24 Wend. 260; *Christmas v. Russell*, 14 Wall. 70; *Ex parte Tremont Nail Co.* 16 N. B. R. 448; *Rogers v. Hosack's Ex'rs*, 18 Wend. 319; *Christmas's Adm'r v. Gris-wold*, 8 Ohio St. 558; *Ford v. Garner*, 15 Ind. 298; *Pearce v Roberts*, 27 Mo. 179; *Sterling v. Ryan*, 72 Wis. 36; *Lynch v. Austin*, 51 Wis. 287; *French v. Langdon*, 76 Wis. 29; *Johannes v. Phenix Ins. Co.* 66 Wis. 50.   These last are nova-tion cases, where the contract must be complete between the parties, and especially privity of the creditor.

(2) Bankruptcy, and the appointment of an assignee or any other disposition of the money or fund, will revoke such an order before the creditor has notice of it.   1 Am. & Eng. Ency. of Law, 839; *Ex parte Hall*, L. R. 10 Ch. Div. 615; *Scott v. Porcher*, 3 Mer. 652–664; *Ex parte Nichols*, 22 Ch. Div. 782, 20 Cent. Law J. 499.

(3) The appointment of a receiver of a partnership in a suit for dissolution vests the title to the partnership assets in the receiver, without any formal assignment or other act of the partners.   High, Receivers (2d ed.), §§ 538, 539.

(4) The transfer must be complete so as to give the creditor or payee the right to sue for it, and the drawee be

liable to pay it.   *Beers v. Spooner*, 9 Leigh, 153; *Tiernan v. Jackson*, 5 Pet. 580; *Beans v. Bullitt*, 57 Pa. St. 221; *Wright v. Ellison*, 1 Wall. 22.   And this is an indispensable principle in cases of novation.   See above cases.

. Under the facts and in view of the authorities it seems very clear that the appellants had secured no right to these moneys before they came into the hands of the receiver and the attaching or general creditors of the firm obtained an interest in them.

*By the Court* — The order of the circuit court is affirmed.