## Covington v. Covington, Jr., et al.

(Decided December 1, 1922.)

### Appeal from Madison Circuit Court.

1. Wills—Construction—Enlarging Life Estate Into Fee Simple.—An expressly limited life estate will not be enlarged into a fee simple by the mere fact of the failure of the testator to dispose of the remaining interest in the property, unless there is a further provision that the life tenant shall have unlimited power to sell and dispose of the property in which event a fee may be construed in the absence of other provisions in the will showing a contrary intention.

2. Trusts—Trustee Vested With Power to Continue Business.—A testamentary trustee vested with power to continue the operation of a business of the testator has the right to use all the assets

of the business in a prudent and businesslike management in conducting it; but, whether the trustee could employ and put into the business other assets not belonging to the trust estate when the settlor owns each of them in his individual capacity. is not determined, since in this case the trust estate was incorporated and in which the testator owned a substantial interest, and it is clear in that case that the trustee with the power to operate the business can not put into it the individual assets of the testator owned by him independently of his corporate interest, be that interest much or little.

3.. Wills—Mortgage to Procure Funds to Continue Business.—It follows that a farm, mentioned in the will and belonging to the testator individually, and in which the widow was given a life estate, can not be mortgaged by her for the purpose of procuring funds to put into the corporate business of which she was made the trustee, and a fortiori is this true in view of the fact that the will withheld from her the power to sell the farm.

JOHN NOLAND and LESLIE W. MORRIS for appellant.

No brief filed for appellees.

Opinion of the Court by Judge Thomas—Affirming in part and reversing in part.

This equity action was filed in the Madison circuit court by appellant, Mary M. Covington, widow of R. C. H. Covington, against her adult son and her three infant children and their statutory guardian seeking a construction of the holographic will of her husband, who died a resident of Madison county on the — day of November, 1921. The will was dated January 15, 1915, and in its entirety says: "It is my wish, that should I die, I want all of my debts paid or adjusted and all of this world's goods that I may possess at the time, go to my wife Mary M. Covington to be hers as long as she lives. She has good business judgments, I desire for her to continue my business, R. C. H. Covington Co., Inc., and not to sell my Drowning creek farm, but to continue to run it as I am now as it will always be a good asset and an assured income. She is a good mother and will do the good part for the children as she is able in the way of education. This my first and only will." It was duly probated and in the petition it is alleged that the business of R. C. H. Covington Company which plaintiff, as trustee, was empowered by the will to continue to operate after the death of testator was a large and prosperous mercantile business located in the city of Richmond, Kentucky, and was a gent.'s clothing and furnish-

ing store, well established and with an extensive good-will; that in order to operate it after the most approved business methods it was necessary for plaintiff to discount bills from the wholesale merchants at certain seasons and to enable her to do so she would be compelled "from time to time to borrow money in such reasonable amounts as will be needed to properly manage and conduct said business in the most prudent and profitable way." It was furthermore alleged that her husband in conducting the business while he was living used the Drowning creek farm as a credit asset in the conduct of his clothing business, but in what manner he so used it is not alleged nor does it appear anywhere in the record.

The prayer of the petition says: "Wherefore plaintiff prays that the court take jurisdiction of this matter, and advise her as to her trust duties in conducting the business R. C. H. Covington Company, and that it construe the will of R. C. H. Covington, and adjudge whether or not she has the power to use the credit of the firm's business to borrow such amounts of money from time to time as may be reasonably necessary to conduct said business in a prudent and profitable manner, and whether or not she may or may not use the Drowning creek farm devised to her as a credit asset and pledge same if necessary to secure the payment of such money as may be reasonably necessary to the prudent, profitable management of said business, and for all proper relief equitable and otherwise." The court adjudged that under the will plaintiff took a life estate in all the property of her deceased husband, including his interest in the corporate firm, and that the will vested her with power to manage, operate and conduct the business of that firm and to do all things necessary to the prudent, careful and business-like management of the business of the firm and that in doing so she had the right "to use all or any portion of his personal estate as a credit asset in the operation and conduct of said business, and that she may at her reasonable discretion pledge the assets of the firm business of said R. C. H. Covington Company, to obtain the usual and customary credit required in the prudent operation of the business," but that she had no power or authority to mortgage or otherwise encumber the Drowning creek farm except to the extent of her life estate therein.

From that judgment plaintiff prosecutes this appeal, and through her counsel insists (1), that a proper construction of the will vests her with an absolute fee simple title to all of her husband's property, but if mistaken in that, then (2), that under the terms of the will, viewed in the light of the averments of the petition, plaintiff, in carrying out the power imposed on her to continue the operation of the business, has the authority not only to use any of the individual personal property of the testator, and which the court adjudged, but the further one of mortgaging the Drowning creek property, which the court denied.

In support of contention (1), we are referred to 28 R. C. L. 238, paragraph 201; section 2342 of the Kentucky Statutes, and the cases of Dills v. Adams, 19 Ky. L. R. 1169; Constantine v. Moore, 23 Ky. L. R. 369; Alsip v. Morgan, 33 Ky. L. R. 72, and In re Rogers, 245 Pa. St. 206, L. R. A. 1917A 168.    The text in R. C. L. is simply the broad statement that "In construing wills the general rule is that a gift for life without a gift over passes the whole estate," and which is supported only by the cited Pennsylvania case.    The writer of the text was unhappy in not qualifying it by the further statement that in order to produce the enlarging effect the life tenant, where there was no disposition over, was given full and unlimited power to sell or dispose of any or all of the property as he saw fit.    The will under consideration in the Pennsylvania case cited in support of the text contained the latter provision, and only because thereof the conclusions expressed in the opinion were reached.    The same is true in the Kentucky cases relied on, the strongest one of which, in support of contention of counsel, is the Alsip case, where the will said: "I, Alexander Alsip, being of sound mind and disposing memory, do publish this my last will and testament, to-wit: I will and bequeath to my wife, Polly Alsip, all my land and farming implements belonging thereto, in short, all my estate, both real and personal, her lifetime, to manage and dispose of as she may see cause."    The construction of the will, as will be seen from the opinion, turned on the effect therein given to the clause "to manage and dispose of as she may see cause" and which was the controlling fact that induced the court to adjudge an absolute title in the widow. The language of the opinion is: "If the will had ended with the words 'her lifetime,' it would be manifest that the testator intended to in-

vest his wife only with a life estate, but it does not stop there. Following these words is the power 'to manage and dispose of as she may see cause.' There is no limitation whatever upon her power of alienation. She took more than a life estate and was clothed with the power to convey the fee.'' Supporting that conclusion the court referred to Page on Wills, section 466, and to the other Kentucky cases above, as well as the section of the statute referred to, and arrived at the conclusion that it was the intention of the testator in that case to confer upon his wife the absolute title to his property. The wills under consideration in the other cases relied on more strongly support that conclusion than does the will in the Alsip case, and, since in the will now before us there was no disposition over of the property after the death of the wife, we would unhesitatingly arrive at the conclusion expressed in the cases referred to if the Covington will contained a similar clause found in those cases to the effect that the wife had the absolute power and authority to sell or dispose of the property without limitation. In the absence of any such provision we are forced to construe the will according to its express language, which limits the interests of the wife only ''as long as she lives.'' The court was, therefore, correct in holding that plaintiff was given only a life interest in the property of the testator.

In disposing of insistence (2), it will be observed that the mercantile business, which plaintiff by the terms of the will is given power and direction to operate and manage, is conducted by a corporation and was not owned and operated by the testator in his individual capacity; so that, we are not concerned in this case with the question of the power of a trustee appointed to conduct and manage an established business to employ other assets of the settlor of the trust in its operation and which do not form a part of the trust estate in cases where there are such assets independently of the trust estate and both of which were owned by the settlor in his individual capacity.

In 39 Cyc. 326, the text says: ''Where the instrument creating the trust expressly or impliedly authorizes and directs the trustee to carry on and conduct an established business of the settlor, the trustee may and should execute the power, and, in so doing, he may make whatever contracts are necessary, and employ all or part of the personal property *which forms part of the trust*

*estate* in conducting the business." By inference, at least, it would seem to appear that, though the interests of the two classes of property were held by the settlor in the same capacity, the trustee would be without authority to use in the management of the trust only such portions of the entire estate as formed the trust business. But whether so or not, it is too clear for argufent that a trustee whose duties are to conduct and manage a business owned and operated by a corporation can not employ in that business the individual assets of a member of the corporation, howsoever great his interest in it.

In this case plaintiff occupies toward the corporate interest of her husband a dual capacity, that of life tenant in such interest, and trustee of the business for the purpose of conducting and operating it. As to the individual property of her husband outside of his interest in the corporation she is simply a life tenant and, clearly, has no right or authority to put into the corporation for any purpose any such individually owned property, and the judgment in so far as it empowered or authorized her to do so was erroneous, and which we feel authorized to determine, notwithstanding the infants have not appealed, since they are in a sense wards of the court, and to allow the judgment to stand as rendered in this respect might jeopardize or possibly entirely consume their interest in the individual property of their father. Indeed, if plaintiff, as such trustee to run and operate the business of the corporation, could employ the individual assets of her husband for that purpose her power to do so would extend to his real estate as well as his personal property, since the will makes no distinction in that regard and we have been unable to find any such in the law. And if the judgment was correct as to the personal property it was improper to deny such power and authority as to the real property. But, for the reasons stated, no such authority exists as to either class of the testator's individual property.

What has been said practically disposes of the contention that plaintiff has the right to mortgage the Drowning creek farm in order to raise funds to conduct the corporate business. In addition, however, it may be said that the will expressly enjoins upon the plaintiff *not* to sell that farm, but to continue to run it as the testator did in his lifetime. There is nothing to show

that he ever mortgaged it in order to procure funds to operate the corporate business, but if there were any such showing we would not be inclined to construe the will as granting to plaintiff the power contended for, since a mortgage of the property is, after all, but a conditional sale, or a step in the direction of effecting a sale of the property, and it is a rule that what may not be done directly is forbidden to be done indirectly.

Our conclusion, therefore, is that plaintiff has, under the terms of the will, the power and authority to use all the assets of the corporation in the prudent management and operation of its business, but no right to employ in that business any of the individual assets of her husband either personal or real, and the judgment in so far as it held to the contrary is erroneous, but that in other respects it was proper. In so far as it held plaintiff's interest in the property of her husband to be one only for her life and that she was without power and authority to mortgage the Drowning creek farm it is affirmed, but in so far as it adjudged that she had the right to employ any of the individual assets of her husband in the business of the corporation, it is reversed with directions to make the modifications herein indicated.