**James McKEE et al., Appellants,**

v.

**Sam HEDGES et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 12, 1956.

Rehearing Denied Jan. 25, 1957.

J. Thaxter Sims, Cynthiana, for appellants.

Fennell & Tucker, John P. Lair, Cynthiana, Smith, Reed & Leary, Rudy Yessin, Frankfort, for appellees.

SIMS, Judge.

This declaratory action asked the construction of the holographic will of W. M. Turney which was duly probated in 1927. As the will is short, we set it out in full:

"Being of sound & disposing mind: and realizing the uncertainty of life and the certainty of death, I make this my Will and testament. Any part that I may have in my brothers estate I Will to his wife Jennie Turney. I give to my Uncle John W. Patton, Clarence, John & Walter Nesbitt, all of Mo., $500 each, to Charley Shannon $1000, all *elase* real and personal I leave to my beloved wife, Lillie C. Turney, at her death to be given to some fund that she may see fit. I require no inventory to be taken, nor no bond required.

"This Sept. 12th, 1922.
"W. M. Turney."

In 1927 suit was instituted in the Harrison Circuit Court against Lillie C. Turney for the construction of her husband's will. That court construed the will to give Lillie in fee the property devised her, consisting of two pieces of real estate in Cynthiana, and no appeal was prosecuted from the judgment. Lillie died testate in 1953, and after making certain specific bequests left the remainder of her estate, consisting of the real estate received under her husband's will, to her three brothers, Sam, Joe and Felix Hedges. The heirs-at-law of W. M. Turney brought this declaratory action to construe the will of Mr. Turney, contending that Lillie took only a life estate under his will and the remainder at her death went to them. The court adjudged Lillie took the fee and this appeal followed.

■ As the heirs of Mr. Turney were not made parties to the suit in 1927 to construe his will, they are not bound by the judgment of the Harrison court erroneously holding Lillie took absolute title to her husband's estate. Brewer v. Burch, 306 Ky. 339, 207 S.W.2d 562.

Appellants insist that Lillie took only a life estate with a testamentary power of appointment to designate "some fund" to which the remainder should go, and upon her failure to exercise the power, the property passed to them as the heirs of her deceased husband. It is contended by appellees that under Mr. Turney's will this property passed absolutely to Lillie, hence she could dispose of it as she pleased.

■ A cardinal rule in the construction of wills is that the intention of the testator as gathered from the will as a whole must prevail, unless his disposition of the property runs afoul the provisions of an express statute or is contrary to public policy. Price v. Price, 298 Ky. 608, 183 S.W.2d 652. It is patent Mr. Turney's will violates no statute, nor is it contrary to public policy, hence our task is to determine his intention.

■ No particular term or phraseology is necessary to limit the interest of the devisee to a life estate, and any language which shows the intention of the testator that the devisee is only to have the property during life, will be deemed sufficient to create a life estate rather than a fee. We have held that a gift over of the entire estate left the devisee may serve to define the estate of the first taker as a life estate. Berner v. Luckett, 299 Ky. 744, 186 S.W.2d 905; Collings v. Collings' Ex'rs, Ky., 260 S.W.2d 935.

■ Mr. Turney was a man of limited education as is evidenced by his misspelling the word "else". After making certain specific bequests he wrote in one phrase, "all *elase* real and personal I leave to my beloved wife, Lillie C. Turney, at her death to be given to some fund that she may see fit." He gave his wife no power of disposition, except the limited power to appoint and there is nothing in the will to show he wanted his wife to have the estate in fee;

but rather he expressed an intention for her to only have a life estate because as soon as he gave the property to her he immediately provided what should become of it at her death.

■ Mr. and Mrs. Turney had no children and when he left to the discretion of his wife the selection of "some fund" to which his estate should go after her death, it is clear to our minds that he intended that she should select some religious or charitable fund to will the estate to after her death. Mrs. Turney did not exercise the power of appointment devised and upon her failure to so do, in the absence of any provision in the will to the contrary, the property subject to the power passed to the heirs-at-law of testator. Wintuska v. Peart, 237 Ky. 666, 36 S.W.2d 50.

The trial court and appellees both are of the opinion the will gave Mrs. Turney the fee and after so doing testator could not limit, or lessen her estate, by a gift over. It is argued as this will was probated in 1927, the gift over was not affected by Hanks v. McDanell, 307 Ky. 243, 210 S.W. 2d 784, 17 A.L.R.2d 1, which overruled prior opinions to the effect that after a fee had been created, a gift over or a disposition by the testator of any remainder of his estate, after the death of the first taker, is void. The rule in force before the Hanks opinion has no application here since there was no fee given Mrs. Turney.

■ We are not in accord with the trial court or appellees that the so-called devise over "at her death to be given to some fund that she may see fit" enlarged the life estate into a fee because of indefiniteness or uncertainty. If testator used "fund" in the sense of a sum laid up to draw from, or a sum set apart for a specific purpose (see Lane v. Magdeburg, 81 Wis. 344, 51 N.W. 562; State ex rel. City of Shreveport v. Dickson, La.App., 150 So. 574; In re Mares, 42 N.M. 556, 82 P.2d 786; State v. Finney, 141 Kan. 12, 40 P.2d 411) and for that reason the gift over is void for indef-

initeness and uncertainty, yet this would not give the widow a fee. The bequest of the remainder would be void for uncertainty as there would be no way to determine who or what the testator wanted as his beneficiary. Meader's Ex'r v. Old Odd Fellows and Rebekahs Home, 296 Ky. 497, 177 S.W.2d 894; Blankenship v. Blankenship, 276 Ky. 707, 124 S.W.2d 1060. But where the life tenant, as here, is not given the power to sell and dispose of the estate without limitation, the life estate is not enlarged into a fee just because the will did not dispose of the remainder of the estate. Covington v. Covington, 196 Ky. 667, 245 S.W. 275. If we interpret "fund" as meaning some religious or charitable fund that Mrs. Turney could select, then Mr. Turney died intestate as to this property, because she did not exercise her power of appointment. Or if we interpret "fund" as meaning a sum of cash, he died intestate as to it because his devise was too uncertain and indefinite to be carried out. In either event, after the death of the life tenant the property would go to his heirs-at-law.

■ We cannot agree with appellees that KRS 381.060(1) has any bearing on the question before us. As we said in Collings v. Collings' Ex'r, Ky., 260 S.W.2d 935, 937, this section of the statute merely dispenses with the necessity of using "'words of inheritance'" in a deed or will to create a fee. Nor can we agree with appellees that Ellis' Adm'r v. Ellis, 289 Ky. 365, 158 S.W.2d 976, or Alsip v. Morgan, 109 S.W. 312, 33 Ky.Law Rep. 72, should have great weight with us in construing this will. The will in the Ellis case, as well as the one in the Alsip case, gave the devisee an absolute power of disposition, which fact distinguishes them from the case at bar. Appellees put much reliance in Cummings v. Nunn, 290 Ky. 609, 162 S.W.2d 213, 214, but that opinion has no application here. The opinion pointed out the will contained no words indicative of a life estate and the whole instrument showed the testator intended his two sons should take

a fee despite the words " 'and at their death to their legal heirs.' "

The judgment is reversed with directions that one be entered to the effect that Mrs. Turney only took a life estate in her husband's property and as she did not exercise the power of appointment, at her death the property went to his heirs-at-law.