### Allen, et al. v. Sweeney, et al.

(Decided September 19, 1919.)

#### Appeal from Garrard Circuit Court.

1.  Process—Summons on Cross-petition—When Necessary.—Under section 692 of the Civil Code a summons on a pleading filed by a lien holder and which is made a cross-petition against the defendant is necessary, although no personal judgment is sought, when the cross plaintiff is not made a party to the original suit.

2.  Appeal and Error—Void Judgment—Motion to Set Aside in Lower Court Must Precede Appeal.—Under section 763 of the Civil Code a motion to set aside a void judgment must be made in the lower court before an appeal will lie from the judgment.

3.  Judgment—Void Judgment.—A void judgment may be set aside at any time by the court in which it was rendered.

R. H. TOMLINSON for appellants.

LEWIS L. WALKER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL— Dismissing appeal.

As this appeal must be dismissed, the reasons therefor will be briefly stated.  On December 15, 1909, J. W. Sweeney brought suit against George Allen and Sallie Allen to recover judgment for the amount of a note and to enforce a mortgage lien given to secure it on two small tracts of land.  Summons issued on the petition and was executed on George and Sallie Allen December 27, 1909.

On March 15, 1910, and during the March term of the Garrard circuit court, J. S. Johnson filed his petition to be made a party, which was accordingly done and the petition was taken as a cross-petition against the defendants, Allen and wife, and process ordered to issue against them, returnable to the June term of the court.

In his petition Johnson set up a lien on the two tracts of land mortgaged by the Allens to Sweeney and averred that the mortgage under which he asserted a lien bearing date May 9, 1906, was superior to the mortgage of Sweeney. He asked in his cross-petition a judgment for the amount of the debt and that the land be sold to pay the same. On March 21, 1910, and before any summons against the Allens on the cross-petition of Johnson had been issued, a judgment was given Sweeney for the amount of his debt and the enforcement of his mortgage lien. Johnson was also adjudged a lien on the land superior to the lien of Sweeney and it was ordered that the land be sold to pay both of the debts.

On March 23, 1910, the Allens moved the court to set aside the judgment in favor of Sweeney upon the ground that he had not been served with summons in the suit of Sweeney. A few days later during the same term they tendered an answer to the suit of Sweeney, but upon objection the court refused to permit the answer to be filed and also refused to set aside the judgment. After this, although the record does not show when, the judgment in favor of Sweeney was satisfied by Allen.

It further appears that on January 13, 1913, Johnson assigned on the record the judgment in his behalf to James I. Hamilton, and in June, 1915, Hamilton, the assignee, gave notice to Allen that on August 23, 1915, he would enter a motion in the Garrard circuit court to reinstate the case upon the docket, it appearing that it had been prematurely stricken without an execution of the judgment, and asked to have the judgment executed by a sale of the land. On September 4, 1915, the court entered an order directing a sale of the land to satisfy the Johnson judgment and thereafter, in December, 1915, it was sold under the decree to Hamilton. The report of sale was confirmed in March, 1916, and subsequently a commissioner's deed conveyed the property to Hamilton.

At the September term, 1916, Allen offered an answer setting up that at the sale under the judgment he bought the property, but the commissioner refused to accept his

bid and he asked that the sale to Hamilton be set aside; but the court refused to permit the answer to be filed.

George Allen prosecutes this appeal from the judg-ment in favor of Johnson entered in March, 1910, and also from the order made in 1916, refusing to allow the answer offered by him to be filed.

It does not appear that any motion was made in the lower court to set aside the judgment in favor of Johnson under which the land was sold and if that judgment was void it was necessary under section 763 of the Civil Code to move the lower court to set it aside before an appeal would lie to this court for its reversal.

The judgment in favor of Johnson and under which the property was sold at decretal sale to Hamilton was, as we have seen, entered without any appearance by the Allens to the cross-petition of Johnson and before any summons had been issued on the cross-petition. Under these circumstances it is of course plain that the judg-ment was void, unless, as contended by counsel for Ham-ilton, the issual and execution of summons was unneces-sary. On this point the argument is made that section 692 of the Civil Code authorizes the filing of a cross-peti-tion by a party who has a lien on land that it is sought to subject to a lien of another person, and further pro-vides that "Unless a personal judgment be prayed for in such cross-petition there need not be any summons there-on." It is, however, further provided in this section that the plaintiff in the original action shall state in his peti-tion the liens held on the property by others and make them defendants, and it is only when the other lien hold-ers are made defendants that summons on a cross-petition asserting a lien is not necessary.

If the other lien holders are made defendants in the original suit the party whose land is sought to be sold to satisfy the liens has of course notice furnished by the petition of the names of the lien holders, the character of their liens, and may prepare himself if he desires to do so, to contest them when asserted by cross-petition.

But in the case we have, the lien of Johnson was not mentioned in the suit of Sweeney and although Johnson had the right to assert by cross-petition a lien, when he did so his cross-petition was really an independent ori-ginal suit against the Allens and summons thereon was necessary, although no personal judgment was sought or given, because the Allens had no information from the petition of Sweeney that Johnson had, or would, assert a

lien on the land. That the judgment was void we have no doubt. But assuming that it was void another question is—did Allen, by his conduct in bidding on the property at the sale under the judgment and in tendering an answer, asserting his right to it by virtue of his bid without raising any question as to the validity of the judgment, waive his right to afterwards attack it as void? On this question we will not express at this time an opinion as the condition of the record is such that it would hardly be fair to either of the parties to indicate whether Allen's acts or conduct subsequent to the judgment estopped him from attacking it.

In McClellan's Admr. v. Troendle, 30 Ky. Law Rep. 611, there is an apparent holding that a motion to set aside a void judgment must be made within two years after the entry of the judgment, but this suggestion of the court must be treated as dictum, because it is a rule of general application that time does not bar a motion to set aside a void judgment unless the lapse of time has been so great that the rights of innocent parties might be prejudicially affected by the delay. There are, however, no circumstances of this nature in this record.

On a return of the case Allen can make his motion in the lower court to vacate the judgment as his right to do so is not barred by time—Freeman on Judgments, Vol. 1, Sec. 98; Stubbs v. McGillis, 44 Col. (1908) 138, 18 L. R. A. N. S. 405; People v. Greene, 74 Cal. 400; 5 Am. St. Rep. 448; City of Olney v. Harvey, 50 Ill. 453, 99 Am. Dec. 530, and when he does so Hamilton may, if he desires, contest the right of Allen to have the judgment vacated, and the lower court will then dispose of the matter as seems to it proper.

Wherefore the appeal is dismissed.