## Ideal Savings, Loan & Building Ass'n of Newport, Ky., v. Town of Park Hills.

Feb. 2, 1940.

William U. Warren for appellant.

Marion W. Moore for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The facts out of which this litigation arose are as follows:

On May 23, 1933, the appellant instituted in the Kenton Circuit Court an action against Frank J. Hanlon and wife, the appellee, Town of Park Hills, and others, seeking to recover of the Hanlons $2,794.20, and to enforce a mortgage executed by them to secure its payment. This action will hereinafter be referred to as the "senior action," and in it the defendants, other than the Hanlons, were called upon to assert lien claims which it was alleged they held against the property. On July 6, 1933, the appellee filed an answer and cross-petition against the Hanlons asserting a claim for delinquent taxes and a claim for $1,689.30 with interest, of which $828.67 represented an assessment for the paving of Altavia Avenue, $603.50 an assessment for the construction of a sewer in Altavia Avenue, and $207.63 represented the balance of a water main assessment "all of said improvements being for work done on Altavia Avenue duly authorized and assessments duly levied by the said Town." No summons was issued on this cross-petition. On January 8, 1937, with out any steps having been taken in the action above referred to, the appellee, acting through other counsel, instituted in the same

court against the Hanlons and the appellant an action which will hereinafter be referred to as the "junior action," in which the appellee sought an enforcement of the improvement liens above mentioned and called upon the appellant to assert its mortgage lien. The appellant filed a cross-petition asserting its mortgage lien, an answer pleading, among other things, the statute of limitation as a bar to the improvement lien asserted by the appellant for the paving of Altavia Avenue, and thereafter dismissed without prejudice the petition filed by it in the senior action.

It would serve no good purpose to recite the various steps thereafter taken by the respective parties in the two actions referred to. It is sufficient to say that they were consolidated by order of court, proceeded to judgment on the cross-petition filed in the senior action, and that the proceeds of the sale of the property were first applied by the court to the satisfaction of the improvement liens asserted by the appellee, leaving a deficiency in the amount due the appellant on its mortgage lien. Claiming that the time limit for the institution by appellee of proceedings for the enforcement of its lien for paving Altavia Avenue had expired during the interim between the filing by appellee of its cross-petition in the senior action and the institution of the junior action, and that the court erred in awarding appellee priority in the payment of this lien, the appellant prosecutes this appeal.

It is earnestly insisted on behalf of appellant that the filing of appellee's cross-petition in the senior action within the prescribed period of limitation did not operate to toll the statute because—(1) No summons was issued thereon; and (2) because the allegations thereof were insufficient in any event to entitle appellee to a judgment enforcing the liens therein asserted. On behalf of appellee it is insisted that by reason of the provisions of Section 692, Civil Code of Practice, it was not necessary to issue summons on the cross-petition in order to toll the statute, and that the deficiencies of the cross-petition, consisting mainly of its failure to set forth the proceedings out of which the improvement liens originated, were cured by the admittedly sufficient allegations of the petition in the junior action.

Whether or not it is necessary to cause summons to be issued on a cross-petition asserting a lien pursuant to Section 692 of the Civil Code of Practice in order to stop.

the running of the statute of limitation has not been decided by this court, but by the language of the section itself it is not necessary to have summons issued where no personal judgment is sought in order to entitle the cross-plaintiff to participate in the distribution of the proceeds of sale. Moreover, a sale may be had in such a proceeding even though the claim of the original plaintiff has been satisfied. Lorton et al. v. Ashbrook et al., 220 Ky. 830, 295 S. W. 1027. It is true that this court has repeatedly held that an action is not commenced so as to stop the running of the statute until a summons is issued thereon in good faith. Section 39, Civil Code of Practice, and authorities cited in the footnotes. But obviously this section and the decisions so-holding refer to original proceedings and not to the commencement of an action by cross-petition, in which no personal judgment is sought, filed pursuant to Section 692. At least we are unwilling to hold that a litigant, who within the statutory period has commenced his action for the enforcement of a lien by filing a cross-petition without causing summons to be issued, as authorized by Section 692 of the Code, has not commenced his action so as to stop the running of the statute. It would reflect small credit upon the intelligence of the framers of Section 692 of the Code if we should so construe it as to make it a trap for those who had relied upon its express provisions. While it is conceivable that a defendant in an action to enforce a lien might not be aware of the existence of a lien asserted by an intervenor it is at least presumable that such a defendant would take cognizance of a lien mentioned in the petition and of the likelihood that the person called upon by the petition to assert it would proceed to do so. Allen et al. v. Sweeney, 185 Ky. 94, 213 S. W. 217. But, be this as it may, Section 692, by its express terms, relieves a cross-plaintiff who does not seek a personal judgment of the necessity of having summons issued, and it would be an unjustifiable contradiction for us to hold that the action was validly commenced for one purpose and not for another.

In answer to appellant's contention that the deficiencies of the allegations of the cross-petition in the senior action were so gross as to deprive it of its character as a cross-petition, it is sufficient to say that we have heretofore adopted and now reiterate the rule that a defect in the pleadings of any one of several consolidated cases may be cured and supplied by necessary al-

legations that are contained in any of the pleadings in the consolidated causes. Daugherty et al. v. Bell National Bank et al., 175 Ky. 513, 194 S. W. 545; Von Cotzhausen v. Barker, 154 Ky. 624, 157 S. W. 1093. Moreover, we are not concerned with the question whether the purchaser could have acquired a valid title if the sale had been held upon the allegations of the cross-petition standing alone. The judgment was entered in the consolidated action, and furthermore, neither the property owner nor the purchaser is complaining. We merely hold that the Chancellor properly ruled that the filing of appellee's cross-petition in the senior action within the statutory period rendered unavailing appellant's plea of limitation filed in the consolidated action.

Complaint is made of the amount, $1,689.30, which appellee was permited to withdraw from the proceeds of the sale, because in the petition in the junior action the appellee alleged that the amount unpaid on the three improvement liens was $1,015.23, which, according to appellant, with interest to the date the order of distribution was entered, amounted to $1,546.16. However, the amount awarded was in payment of all three of the improvement liens, and appellant's sole contention is that its claim should have been adjudged priority over the single item of $828.67 allowed for the paving of Altavia Avenue. Appellee insists that the figures contained in the order of withdrawal are correct, and we are unable to ascertain from the data before us the extent to which appellant has been prejudiced by the alleged error. In any event, it is obvious that it is insufficient to justify a reversal.

Judgment affirmed.