# Hill et al. v. Walker et al.

April 25, 1944.

Hagan & Hagan and John H. Dougherty for appellants.

M. Joseph Schmitt and Allen Schmitt for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

On July 18, 1929, Etta C. Hill and J. F. Hill executed and delivered to Henry M. Walker and Ada M. Walker a note for $3,096.93, payable at the rate of $15 a month, all to be paid in four years and eleven months after date. The note contained a precipitation clause. On April 17, 1931, an action was filed by the Walkers to recover on the note, and a summons was issued and placed in the hands of a constable of Jefferson county. The return on the summons showed that it was served on the Hills on April 18, 1931, by a deputy constable. Both the constable and deputy constable are dead. A default judgment was rendered against the Hills on May 23, 1931, but no further steps were taken until July 12, 1943, when an execution was issued and real estate belonging to the Hills was levied upon. An attachment also was issued and a deposit of $224.56 of J. F. Hill in the Louisville Trust Company was attached. Whether this attachment was issued in a proceeding pursuant to Chapter 4, Title 10, of the Civil Code of Practice does not appear in the record before us. On July 26, 1943, the Hills brought an action against the Walkers in the Jefferson circuit court to vacate the judgment of May 23, 1931, and to enjoin the defendants from taking further proceedings on that judgment. Several amendments to the petition were filed. In their petition the plaintiffs alleged, in substance, that the note executed by them on July 18, 1929, was without consideration, and that the judgment of May 23, 1931, was void because it was rendered without any process being served on plaintiffs, or either of them, and without either of them being before the court. They further alleged that the return on the summons was made by mistake of the officer making the return or was fraudulently made, and that they had no knowledge of the pendency of the action against them and did not ascertain that the default judgment had been rendered until an execution was issued and levied on their property on July 12, 1943. In the third amended petition it was alleged that the deputy constable whose name appeared on the return did not serve the plaintiffs with summons, and that when he said he served them he was in error or mistaken in thinking he served them or had made a false return for the purpose of defrauding them. A demurrer to the petition

was filed, and on motion of the defendants was extended to the amended petitions. The court sustained the demurrer, and in a memorandum opinion stated that the judgment of May 23, 1931, was not void though it might have been attacked as avoidable for fraud or mistake under section 2519, Kentucky Statutes, now KRS 413.130, if an action for that purpose had been brought within the limitation period. Apparently the court was of the opinion that this action is a collateral attack on the judgment. The petition as amended was dismissed, and the plaintiffs have appealed.

Before discussing the case on the merits, a preliminary question must be disposed of. A motion to dismiss the appeal has been passed to the merits. The appellee moved to dismiss the appeal because an objection was not interposed by the appellants at the time the motion to dismiss their petition was sustained. The demurrer to the petition as amended was sustained on January 4, 1944, and the plaintiffs excepted to the rulings of the court. On January 21, 1944, the plaintiffs moved the court to set aside its order of January 4, 1944, sustaining the demurrer to the petition as amended, and on February 4, 1944, the motion was overruled. On February 7, 1944, the defendants moved the court to dismiss the action at plaintiff's costs, and on February 25 the motion was sustained, and the action was dismissed to which the plaintiffs excepted. On March 15 the plaintiffs, in writing, prayed an appeal to the Court of Appeals which was granted.

Section 333, subsection 3, of the Civil Code of Practice, relied upon by appellees, which provides that a party cannot except to a decision made at the instance of the adverse party unless objection shall have been made to the motion, offer or request of the adverse party has no application to a final judgment which need not be objected or excepted to. Cincinnati Finance Company v. Atkinson's Adm'r, 235 Ky. 582, 31 S. W. (2d) 890; Joyeux v. Anderson-Dulin-Varnell Company, 213 Ky. 658, 281 S. W. 796; Bartlett v. Louisville Trust Company, 212 Ky. 13, 277 S. W. 250. The motion to dismiss the appeal is overruled.

This action is a direct attack on the judgment of May 23, 1931. It is true an injunction to restrain the defendants from taking further proceedings on the judgment was prayed for, but this was merely incidental to

the main relief sought, to wit, vacation of the judgment. The action was brought for the purpose of having the judgment declared void and to cancel it of record. It was necessary to have the defendants restrained from collecting the judgment in order to preserve the status quo, but this relief follows as a legal consequence. Unless it is finally determined that the judgment is void, the injunction falls. The precise question was decided in Newsome v. Hall, 290 Ky. 486, 161 S. W. (2d) 629, 631, 140 A. L. R. 818, in which the facts were very similar to the facts in the instant case. In the course of the opinion it was said: "Nor was the action of Emmitt Hall against appellants a collateral attack on the default judgment. It was a direct action filed against the holder of that judgment in which it was alleged that the judgment was void by reason of fraud or mistake of the sheriff in certifying that he had delivered a copy of the summons to Emmitt Hall when in fact he had not done so. It is true that in addition to praying that the judgment be declared void and set aside Emmitt Hall also sought additional relief—he sought to set aside the execution sale made under the judgment and the deed executed pursuant to the execution sale. Before being entitled to this additional relief it was necessary, of course, that he be successful in his action to set aside the judgment. The primary purpose of his action and the main relief sought by it was the setting aside of the judgment and his action was a direct attack on the judgment for this purpose against the person in whose favor the judgment was rendered."

This being a direct attack on a judgment in an action to set it aside, it will be treated as a sufficient motion under section 763 of the Civil Code of Practice, which requires that a motion to set aside a void judgment shall be made in the inferior court and overruled before this court may entertain an appeal. Fugate v. Fugate, 259 Ky. 18, 81 S. W. (2d) 889; First State Bank v. Thacker's Adm'x, 215 Ky. 186, 284 S. W. 1020; Green v. Blankenship, 263 Ky. 29, 91 S. W. (2d) 996.

There is no doubt that the judgment of May 23, 1931, is void, if, in fact, as alleged in the petition, the defendants in that action, who are the plaintiffs in the present action and the appellants here, were not served with process and had no legal notice of the pendency of the action. It is essential to the proper rendition of

a judgment in personam that the court have jurisdiction of the parties, and a personal judgment without such jurisdiction is void. Ely v. United States Coal & Coke Co., 243 Ky. 725, 49 S. W. (2d) 1021; McDonald v. Mabee, 243 U. S. 90, 37 S. Ct. 343, 61 L. Ed. 608, L. R. A. 1917F, 458; Restatement of the Law of Judgments, Secs. 6, 8, and 117; 1 Freeman on Judgments, Secs, 226, 228, and 339. Ordinarily limitations must be pleaded and may not be raised by demurrer, but, as stated by appellees in their brief, there is an exception to the rule where the action is one for reief from fraud brought more than five years after the fraud was perpetrated. In such an action the plaintiff must allege facts to excuse the delay. Cox v. Simmerman, 243 Ky. 474, 48 S. W. (2d) 1078. KRS 413.130 provides that relief for mistake or fraud must be commenced within five years after discovery of the fraud or mistake but not longer than ten years after the commission of the act. This statute has no application to a judgment that is void because the defendant was not before the court. He must have been a party to the suit with an opportunity to know of the fraud or mistake or to discover it after it was committed. A void judgment is no judgment at all, and no rights are acquired by virtue of its entry of record. A court may, in a proper proceeding, vacate it at any time. The lapse of time is no bar to such relief. Brown's Adm'r v. Gabhart, 232 Ky. 336, 23 S. W. (2d) 551; Johnson v. Carroll, 190 Ky. 689, 228 S. W. 412; Gardner v. Lincoln Bank & Trust Co., 251 Ky. 109, 64 S. W. (2d) 497. As said in Allen v. Sweeney, 185 Ky. 94, 213 S. W. 217, 218: "It is a rule of general application that time does not bar a motion to set aside a void judgment, unless the lapse of time has been so great that the rights of innocent parties might be prejudicially affected by the delay."

Appellees insist that because of an agreed order entered concerning the attachment in the present action appellants ratified the judgment now sought to be vacated and are estopped from attacking it. The plea of estoppel appeared in the answer, and since a demurrer to the petition was sustained the defense interposed by the answer was not considered by the court and is not before us.

The judgment is reversed, with directions to overrule the demurrer to the petition.