## Brewer et al. v. Burch et al.

December 19, 1947.

E. B. Beatty, Judge.

340

John W. Walker for appellants.

Virgil S. Beatty for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On October 20, 1939, one Bent Pierson filed an action in the Owsley circuit court to collect a note in the sum of $100 which W. H. Brewer had executed to him and which was secured by a mortgage given by Brewer on a tract of 50 acres of land in Owsley County. Both instruments were executed on September 19, 1923. The action was filed to recover judgment on the note and also to enforce the mortgage by a sale of the land which it was alleged was indivisible.

The defendants in that action were the children of Brewer, two by his first wife, and the others by his second wife. The title to the tract was owned jointly and equally by W. H. Brewer and his deceased wife, and her half was inherited by her two children. They and the children of the second wife were all infants at the time of the filing of the action. It was prosecuted to final judgment rendered at the June term of the Court in 1942. The land was ordered sold and the remainder of the proceeds after paying Pierson's debt and the cost of the action were ordered divided between the Brewer children according to their interests. The two children by Brewer's first wife declined to accept the portions of the proceeds allotted to them and such portions were deposited with the clerk of the Owsley circuit court. The clerk of the court endorsed on that petition that "summons & 9 copies issued to Owsley County," but the record as brought here contains no summons nor return of the sheriff upon either of the defendants therein, nor is there any affidavit therein for the appointment of a guardian ad litem for the

infant defendants. Nevertheless, the court appointed such guardian, and he filed a report saying, in substance, that he could make no defense for the infant defendants.

Whether or not it should be presumed that such steps, orders and returns should be presumed to have been complied with so as to make the subsequent judgment valid need not, for the reasons hereinafter stated, be discussed or determined. That record as brought here also fails to contain any report of sale by the Master Commissioner of the mortgaged tract of land, but it does contain exceptions filed on behalf of the defendants to the sale based on various grounds set out therein. They were filed by the defendants in the name of Forrest Brewer and Verlon Brewer, the children of Brewer by his first wife, and were signed by one H. L. Rudd as attorney for those two defendants; but they allege in this action that Rudd was never employed by them, nor was he ever authorized nor in any manner employed by them to file such exceptions. That action will hereinafter be referred to as the "first action."

In 1946 (the exact date not being shown in the record) Forrest and Verlon Brewer, their father having died before the institution of the first action, filed this action in the Owsley circuit court against Lucian Burch, the purchaser of the tract at the Commissioner's sale, as ordered in the judgment in the first action, his wife and the administrator of Pierson, the plaintiff in the first action, seeking to have all of the proceedings in that action cancelled and set aside for the errors recited in the above exceptions, plus the additional allegation that the judgment therein was *void* and not merely voidable, since none of the defendants therein were ever in any manner brought before the court, and that the exceptions filed therein by Rudd as their attorney in this action were wholly without authority to do so and did not have the effect of entering their appearance in the first action or conferring jurisdiction of the court of any of the defendants therein.

The court sustained a demurrer to the petition in this, the second action. Upon plaintiffs' declining to plead further their action was dismissed, from which they prosecute this appeal.

Appellees herein to sustain the judgment appealed from argue that this action is a collateral attack of the judgment in the first action, and that under numerous domestic opinions, listed by their attorney in his brief herein, it will be presumed that the omissions above referred to were complied with so as to bring the instant plaintiffs before the court in the first action, notwithstanding the record thereof as brought here, fails to show such facts. That contention no doubt is correct when the attacked judgment is only voidable, but such presumption does not prevail when the attacked judgment is absolutely void because the court rendering it did not have jurisdiction of the persons of the defendants who were not brought before the court in any manner, as charged in the petition in this instant action. It is a universal rule, without exception, that no one having any interest in the subject matter of the litigation is bound by a judgment wherein he was not before the court, and any judgment rendered against him in such circumstances is void.

It is further argued by appellees' counsel that, although the attacked judgment may be void, yet it may not, under section 763 of the Civil Code of Practice, be attacked until a motion to set it aside has been overruled by the court rendering it, and that no such motion, as counsel contends, was made therefor. But in the cases of Hill v. Walker, 297 Ky. 257, 180 S. W. 2d 93, 95, 154 A. L. R. 814, and Taylor and wife v. Howard et al., 306 Ky. 407, 208 S. W. 2d 73 the same situation was involved and the same contention made, and in each of our opinions in those cases we held that the filing of a petition to set aside and cancel a judgment was a sufficient compliance with the requirements of section 763 of the Civil Code of Practice. We further held in those cases that the procedure employed therein was not a collateral attack, but a direct one when the sole ground that the attacked judgment was *void* and which motion could be made at *any* time after its rendition.

In the Hill case in so deciding, we said: "A void judgment is no judgment at all, and no rights are acquired by virtue of its entry of record. A court may, in a proper proceeding, vacate it at any time. The lapse of time is no bar to such relief. Brown's Adm'r v.

Gabhart, 232 Ky. 336, 23 S. W. 2d 551; Johnson v. Carroll, 190 Ky. 689, 228 S. W. 412; Gardner v. Lincoln Bank & Trust Co., 251 Ky. 109, 64 S. W. 2d 497. As said in Allen v. Sweeney, 185 Ky. 94, 213 S. W. 217, 218: 'It is a rule of general application that time does not bar a motion to set aside a void judgment, unless the lapse of time has been so great that the rights of innocent parties might be prejudicially affected by the delay.' "

It is true that the burden of showing the invalidity of the judgment rests upon appellants in this case, but the court gave them no opportunity to prove the facts which they allege constituted the attacked judgment void, by sustaining a demurrer to their petition and which was and is manifestly erroneous. The demurrer should have been overruled and if the grounds relied on as making the attacked judgment void, if denied, would constitute the issue to be tried upon evidence that might be introduced by the parties.

Wherefore, the judgment is reversed with directions to overrule the demurrer to the petition and for proceedings consistent herewith.