## NATIONAL LABOR RELATIONS BOARD v. SWIFT MFG. CO.

No. 12781.

United States Court of Appeals
Fifth Circuit.

Nov. 7, 1951.

A. Norman Somers, Asst. Gen. Counsel, David P. Findling, Associate Gen. Counsel, and Marvin E. Frankel, Atty., National Labor Relations Bd., all of Washington, D. C., for petitioner.

W. Edward Swinson, Columbus, Ga., for respondent.

Before HUTCHESON, Chief Judge, and HOLMES and STRUM, Circuit Judges.

JOSEPH C. HUTCHESON, Chief Judge.

Proceeding by motion filed in cause No. 12781 on the docket of this court, petitioner is here seeking to vacate and set aside as void the consent decree entered by this court on April 28, 1949, enforcing the order of the board and requiring the defendant: (1) to cease and desist; and (2) to take affirmative action as ordered in the decree.

The factual ground of the motion is the now admitted fact that at no time commencing with the effective date of Sec. 9 (h) of the Labor Management Act, 29 U. S.C.A. § 159(h), and ending on April 28, 1949, the date of the entry of the consent decree of this court, indeed not until eight months afterward, was the union in compliance with that section.

Its legal ground is that such compliance was jurisdictional and for want of it both board and court were without jurisdiction to hear and to adjudge, and the consent decree was, therefore, null and void.

In its response, the Labor Board contests the right of petitioner, more than two years after the end of the term in which the consent decree was entered, to proceed by motion to set it aside. In addition, assuming the correctness of the procedure, it flatly opposes as unsound the contentions of the motion that the consent decree was void for want of jurisdiction in the court to pronounce it, and that it can, and ought to be, set aside.

Petitioner and board have thoroughly and completely briefed the contentions each puts forward and have marshaled the authorities each relies on.

Because of our clear and positive conviction that the non compliance of the union did not deprive this court of jurisdiction to authorize the filing of the complaint and to enter the consent decree, we find it unnecessary and unprofitable to consider whether the petitioner or the board is right in respect of the effect of non compliance upon the jurisdiction as such of the Board.[1]

Assuming, without deciding, that if the challenged decree is void for want of jurisdiction in the court to pronounce it, the procedure by motion would be proper,[2] and that the motion was not filed too late, the applicable authorities[3] leave us in no

1. N. L. R. B. v. Highland Park Mfg. Co., 341 U.S. 322, 71 S.Ct. 758, 95 L.Ed. 969; N. L. R. B. v. Greensboro Coca Cola Bottling Co., 4 Cir., 180 F.2d 840; N. L. R. B. v. Postex Cotton Mills, 5 Cir., 181 F. 2d 919; N. L. R. B. v. Red Rock Co., 5 Cir., 187 F.2d 76; N. L. R. B. v. Wiltse, 6 Cir., 188 F.2d 917; N. L. R. B. v. Vulcan Forging Co., 6 Cir., 188 F.2d 927.

2. But see Hill v. Walker, 297 Ky. 257, 180 S.W.2d 93, 154 A.L.R. 814.

3. Sec. 10(e), N.L.R.Act, Title 29 U.S.C.A. § 160(e); Jackson v. Irving Trust Co., 311 U.S. 494, 61 S.Ct. 326, 85 L.Ed. 297; International Union of Mine, Mill and Smelter Workers v. Eagle-Picher Mining & Smelting Co., 325 U.S. 335, 66 S.Ct. 1166, 89 L.Ed. 1649; United States v. Swift & Co., 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999; and the long line of cases

holding: that judgment may not be collaterally attacked or set aside as void on ground that there was a failure to allege diversity of citizenship. McCormick v. Sullivant. 10 Wheat. 192, 6 L.Ed. 300; or that there was actually no diversity, Cameron v. McRoberts, 3 Wheat. 591, 4 L.Ed. 467; Des Moines Navigation & R. Co. v. Iowa Homestead Co., 123 U.S. 552, 8 S.Ct. 217, 31 L.Ed. 202; Chesapeake & Ohio R. Co. v. McCabe, 213 U.S. 207, 29 S.Ct. 430, 53 L.Ed. 765; that the court erred in deciding that a federal question was presented as a basis for its assumption of jurisdiction, Dowell v. Applegate, 152 U.S. 327, 14 S.Ct. 611, 38 L.Ed. 463; or that the only supposed basis for the court's jurisdiction was a statute later declared unconstitutional, Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, at page 376, et seq., 60 S.Ct. 317, 84 L.Ed. 329.

doubt that the decree is not void and that it neither can, nor ought to be, set aside.

It appears from the motion and without dispute: that after first contesting the board proceeding and raising there the question of non-compliance, the petitioner, abandoning all resistance, entered into a stipulation with the union and the board; that this provided for the issuance of an order by the board and the entry of a consent decree against petitioner by the United States Court of Appeals for the Fifth Circuit in enforcement of that order; that a copy of said stipulation was filed with this court; and pursuant thereto the decree now sought to be vacated was entered; that petitioner has fully carried out and complied with the provisions of the decree; and that it is not proposing that any of the things done by it under the decree be undone.

It further appears: that the union was not in compliance when the proceedings were being conducted before the board and when the decree of this court was entered; that, within eight months thereafter it did comply, and has since been in compliance; and that there is no equitable reason why the relief sought should be extended to petitioner, no reason indeed, except the one put forward by it, that the decree, to the entry of which it had consented, was and is null and void.

In these circumstances, it is quite clear that defendant's motion is unmeritorious and must be denied.