HERTZ' YOU DRIVE IT YOURSELF
SYSTEM, Inc., Appellant,

v.

Elro CASTLE et al., Appellees.

Court of Appeals of Kentucky.

Oct. 17, 1958.

J. K. Wells, Paintsville, for appellant.

R. B. Harrington, Paintsville, for appellees.

WADDILL, Commissioner.

The appeal is from an order overruling a motion pursuant to CR 60.02 to set aside a default judgment for failure of service of summons.

Bert Hall rented a truck from Drive It Yourself, Inc., in Dayton, Ohio, and it was driven to Kentucky where it collided with a wagon occupied by appellees. As a result of the accident appellees sued Hall, his driver Roope, and the appellant, Hertz' You Drive It Yourself System, Inc. Service of summons was attempted under the Non-Resident Motorist Service of Process Act, as provided by KRS 188.010 et seq. In conformity with this Act, the Secretary of State sent copies of the complaint by registered mail to the address stated in the complaint. The complaint stated an incorrect address for appellant. The postal authorities returned the letter which was marked "refused." However, it appears that this letter was not "refused" by appellant or by any of its employees. Notwithstanding the fact that no process had been served on appellant, a default judgment was entered against appellant in the sum of $1,125.

Several years later appellant filed a motion under CR 60.02 to set aside the judgment as void for failure of service of process. The court overruled the motion on the ground that it had not been seasonably made. This appeal is from the judgment entered accordingly.

The validity of service of process upon non-resident motorists as provided by KRS, Chapter 188 was upheld in Hirsch v. Warren, 253 Ky. 62, 68 S.W.2d 767. However, in construing the statute the court made it mandatory that plaintiff furnish the Secretary of State the defendant's correct address. Also see, Mann v. Humphrey's Adm'x, 257 Ky. 647, 79 S.W.2d 17, 96 A. L.R. 584.

Inasmuch as the record discloses that the requisites of KRS, Chapter 188 were not complied with because appellees failed to

furnish appellant's correct address, the court did not have jurisdiction to enter judgment against the appellant. The judgment was therefore void. Hill v. Walker, 297 Ky. 257, 180 S.W.2d 93, 154 A.L.R. 814.

The question yet remains as to whether the court erred in overruling appellant's motion to vacate the judgment entered against it. The record discloses that this motion was made within a year from the time appellant had notice of the entry of the judgment. Under this showing we have concluded that the relief sought should have been granted under CR 60.02. Hill v. Walker, 297 Ky. 257, 180 S.W.2d 93, 154 A.L.R. 814.

The motion for an appeal is sustained; the judgment is reversed with directions to set it aside and to enter judgment vacating the judgment heretofore entered against the appellant.