393 P.2d 329

**Paul W. EATON, Jr.**, Administrator of the Estate of Cora Lee Montgomery, Deceased, and Mack Montgomery, Plaintiffs-Appellants,

**v.**

**C. C. COOKE**, Defendant-Appellee.

No. 7427.

Supreme Court of New Mexico.

June 15, 1964.

Bean & Snead, Wm. W. Osborn, Roswell, J. Lee Cathey, Carlsbad, for appellants.

C. C. Chase, Jr., Alamogordo, for appellee.

COMPTON, Chief Justice.

This is an appeal from an order dated March 28, 1963, vacating a default judgment entered January 11, 1957. The main question is whether jurisdiction was acquired of the person of the defendant Cooke.

The complaint, filed September 27, 1956, charges that Earl Lacy, Jr., an agent of the defendant Cooke, operated a motor vehicle in a negligent manner thereby causing the death of Cora Lee Montgomery and personal injuries to the plaintiff, Mack Montgomery. Summons was issued the same day and directed to "C. C. Cooke, Jockey Club, Ruidoso, New Mexico." On the back of the summons appear the following:

"(Return when service is made personally on defendants by other than Sheriff.)

"State of New Mexico, }
                        } ss.
County of Lincoln      }

R. W. Driggers being duly sworn, upon his oath, says, I am over the age of eighteen years, I served the within summons by delivering a copy thereof, with copy of complaint attached, in the county aforesaid, in person to C. C. Cooke on Nov. 16 1956 9:10 A.M.

Fees: None _____

Subscribed and sworn to before me this 16 day of Nov. 1956.

/s/ Herbert Smith      (Notarial
                          Seal)

My Commission (illegible) 1960"

"(Return when service is made on defendants by other than Sheriff by serving someone residing at usual place of abode of defendant who is then absent.)

"State of New Mexico, }
                        } ss.
County of Lincoln      }

_____ being duly sworn, upon his oath, says, I am over the age of eighteen years, I served the within summons _____ by delivering a copy thereof, with copy of complaint attached, in the county aforesaid to C. C.

Cooke a person over fifteen years of age, residing at the usual place of abode of defendant _____, who at the time of such service was absent therefrom.

Fees:    /s/ Herbert Smith    (Notarial Seal)

Subscribed and sworn to before me this 16 day of November, 1956.

My Commission expires (illegible) 1960"

A certificate of default was issued, following which default judgment was taken January 11, 1957 against the defendant in amount of $33,661.20. Subsequently, on January 25, 1963, the defendant, upon learning that the plaintiffs were attempting to collect the judgment, entered his appearance and moved to vacate the judgment, restrain execution, and to quash the service of summons on the ground of the absence of service of process, and further asserting the defense that he was not the owner of the vehicle involved in the collision.

The trial court found that the defendant had never been served with process and that the alleged returns, being so defective, raised no legal presumption of service; that the judgment was void, and that the defendant was not barred by laches or inexcusable neglect in failing sooner to take action to vacate the judgment. An order was entered accordingly and the cause was set for trial on the merits. The correctness of the ruling is here for review on appeal.

The sufficiency of the evidence to sustain the findings is challenged. Turning to the evidence, the defendant testified unequivocally that he was never served with summons personally or otherwise. The witness, R. W. Driggers, a state police officer assigned to that area, testified that he was well acquainted with the defendant in 1956; that while he made the notations "Lincoln," "R. W. Driggers," "C. C. Cooke," "Nov. 16, 1956," "9:10 A.M." appearing upon the back of the summons, he had no recollection about the matter and to the best of his knowledge he neither served the defendant with summons personally nor by leaving summons with anyone at the Jockey Club. He substantiated his testimony by producing his activity report, a daily report required of all state police officers, reflecting various duties performed by them. The report for the month of November, 1956, with regard to service of process upon the defendant was negative. The certificate of default, dated December 18, 1956, tends strongly to impeach the alleged returns. It shows that the return was made by the Sheriff of Lincoln County, the portion with regard to service by private party being stricken therefrom. But the plaintiffs make no claim that summons was served by the sheriff. Incidentally, the witness Smith had misplaced or lost his notary record and had no independent recollection about the matter. He admitted, however, that his signatures were on the returns.

██ We deem the evidence substantial and under a well-recognized rule the findings will not be disturbed on appeal. Sanchez v. Garcia, 72 N.M. 406, 384 P.2d 681; Watson v. Western Casualty & Surety Company, 72 N.M. 250, 382 P.2d 723. It follows that the court was without jurisdiction to enter the judgment and the judgment is void. Compare Bourgeious v. Santa Fe Trail Stages, 43 N.M. 453, 95 P.2d 204 where admittedly summons was served but the original summons was not attached to the return.

██ Appellants make the further point that the motion to vacate was untimely filed. Sections 21–1–1(55) (c) and 21–1–1(60) (b), N.M.S.A. 1953, being Rules 55(c) and 60(b), our Rules of Civil Procedure, provide relief from judgments, and the latter provides that motions therefor shall be made within a reasonable time. What constitutes "reasonable time" under the rules depends upon the circumstances of the particular case. See 49 C.J.S. Judgments § 337b(5), (7), where the cases are collected. But where the judgment was void, rule 60(b) does not purport to place any limitation of time. Upjohn Co. v. County Commissioners, 25 N.M. 526, 185 P. 279; Hill v. Walker, 297 Ky. 257, 180 S.W.2d 93, 154 A.L.R. 814; Halverson v. Hageman, 249 Iowa 1381, 92 N.W.2d 569.

██ The defendant had been a resident of Oklahoma City, Oklahoma, for many years prior to 1956, but had a temporary residence at Ruidoso Downs, New Mexico, where he did construction work for the Ruidoso Jockey Club for a short while each year. He was informed in January, 1957, by a Mr. Henry of the Jockey Club, that a judgment had been entered against him and the matter was referred to his attorney, Caswell S. Neal. In discussing the matter with his attorney, Mr. Neal stated that he had talked to counsel in the case and that the judgment would be opened "on account of being default." Shortly after their discussion his attorney wrote him the following letter:

"13 February 1957

"Mr. C. C. Cook
Ruidoso Racing Association
Ruidoso, New Mexico

Dear Mr. Cook:

This is to advise you that the case brought against you in the District Court of Chaves County by Paul W. Eaton, Jr., administrator of the estate of Cora Lee Montgomery, deceased, and Mack Montgomery, has been dismissed without prejudice. This is a suit arising from the automobile accident involving Earl Lacy, Jr.

Very truly yours,
/s/ Caswell S. Neal"

The defendant testified further that he heard nothing thereafter about the case until the plaintiff brought suit on the judgment in Oklahoma in December, 1962. The

following month he filed the motion to vacate the judgment. In this situation, we fail to see wherein the court erred in relieving the defendant of the default judgment. The argument advanced by appellant that appellee could not be excused from proceeding promptly to move to set aside the judgment because of asserted negligence of his lawyer in mistakenly writing the quoted letter has no application where the situation is one such as is here present, of no jurisdiction in the court for lack of service.

A transcript of the judgment was recorded in Lincoln County February 9, 1957. Execution was issued thereon February 14, 1957, and garnishment was issued April 18, 1957. Hence, the argument is made that notice of the judgment was imputed to the defendant as early as February 9, 1957, citing our recording statute, § 71–2–2, 1953 Comp. The argument is without merit. The defendant never resided in Lincoln County, except temporarily, and there is no evidence that the foregoing facts were ever brought to his attention, and even if they had been, we do not see how validity could thereby be given to a judgment void for lack of jurisdiction in the court that entered it. The cases cited by appellant on this point as well as the previous one are not persuasive because none of them involved void judgments.

The judgment should be affirmed. It is so ordered.

CHAVEZ and MOISE, JJ., concur.