Helen Marie BEGLEY (Warren),
Appellant,

v.

Jeffrey J. KILBURN, an infant, suing by
and through his next friend, Warren
Kilburn, et al., Appellees.

Supreme Court of Kentucky.

Oct. 29, 1976.

Rehearing Denied Feb. 25, 1977.

W. R. Patterson, Jr., Landrum, Patterson
& Dickey, Lexington, for appellant.

John M. Coy, Coy & Coy, Richmond, Mart
V. Mainous, Irvine, for appellees.

STEPHENSON, Justice.

This appeal is from an order of the Estill
Circuit Court declining to set aside a de-
fault judgment. We reverse.

The appellant and infant appellee were
involved in a traffic accident. The com-
plaint filed by appellee alleged appellant "is
a non-resident of the Commonwealth of
Kentucky, residing at 6777 Winkler Road,
Apt A, 238, Fort Meyers, Florida 33901"
and that by virtue of KRS 188.030, Ken-
tucky's nonresident motorist statute, service
of summons should be had upon the secre-
tary of state.

Summons was issued by the circuit court
clerk, directed to the secretary of state. By
registered mail, the secretary of state di-
rected notice to the appellant at the Florida
address given in the complaint. The letter
was returned marked "unclaimed." After
the time for answering elapsed, appellees
filed a motion for default judgment and
mailed a copy of the motion to the same
address. A default judgment was entered,
taking the allegations of the complaint as
true, and later the case was submitted to a
jury for determination of damages. The
jury returned a verdict of $15,768.50
against the appellant.

About twenty-two days later, appellant
filed motion to set aside the default judg-
ment and for leave to file answer.

The tendered answer and supporting affi-
davits state that the appellant has a merito-

rious defense. A copy of the state police officer's report is filed showing the Florida address given in the complaint followed by "(R # 2 Bybee, Ky)." Appellant's affidavit states she advised the officer that she resided at Route 2, Bybee, Kentucky, and further states that at the time of the accident, she was residing with her mother at this Kentucky address. The affidavit further states the appellant had at the time the secretary of state attempted to give notice moved from the Florida address, as shown on her driver's license and noted in the state police officer's report, to another address in the same city.

In all, appellant's affidavit refers to five different addresses during the course of these proceedings.

■ We are of the opinion that the appellees erroneously ignored the address "R # 2, Bybee, Ky." which immediately followed the Florida address in the state police officer's report. There is nothing in the record to indicate the appellees had any knowledge of the appellant's address other than this officer's report. Where two addresses are given, one out-of-state and one within the state, it is incumbent upon the plaintiff to direct summons to the local address as well as invoke the provisions of the nonresident motorist statute and direct summons to the secretary of state for notice to be given to the out-of-state address.

Appellees argue that they would be unable to locate appellant at any one of the out-of-state addresses set out in appellant's affidavit. This argument misses the point. "R # 2, Bybee, Ky." is a local and not a nonresident address. Appellees argue that the appellant's address is the Florida address on the officer's report and that "for some reason known only to the officer he noted on the accident report 'R # 2, Bybee, Ky.'" We are of the opinion that the only inference to be drawn from the officer's report is that this address was given to him by the appellant and that the appellees are charged with the duty of attempting to reach appellant at this address. Whether, in fact, appellant would have received a summons at the address is problematical in view of the frequent changes of address by appellant, but we are not disposed to say that it could not be accomplished. At least the appellees were required to make an effort to so do.

■ Service under the provisions of the nonresident motorist statute is a substitute for personal service upon which a personal judgment can be obtained. We consider this holding to be consistent with our opinions in *Hirsch v. Warren*, 253 Ky. 62, 68 S.W.2d 767 (1934), and *Hertz' You Drive It Yourself System v. Castle*, Ky., 317 S.W.2d 177 (1958), requiring that the nonresident's correct address be furnished to the secretary of state. Ordinarily a party who seeks to invoke the provisions of the nonresident motorist statute is entitled to rely on the accuracy of the address given to a police officer conducting an investigation of an accident. However, he may not, as here, select the nonresident address and ignore the local address. Cf. Annot., 138 A.L.R. 1464, 1476 (XII).

The judgment is reversed with directions to set aside the default judgment and grant a new trial.

All concur.