Mary R. PRIDDY, Appellant,

v.

Loretta C. SWIMME, Appellee.

Court of Appeals of Kentucky.

April 8, 1977.

As Modified On Denial of Rehearing June 10, 1977.

Discretionary Review Denied Sept. 13, 1977.

Jack E. Ruck, Louisville, for appellant.

Edward F. Rectenwald, Louisville, for appellee.

Before GANT, HOWERTON and WHITE, JJ.

GANT, Judge.

The sole issue presented in this case is whether the trial court erred in failing to set aside a default judgment entered in this action under the facts and circumstances presented therein.

Appellant and Appellee were involved in an automobile collision on April 22, 1975, and on July 2, 1975, Appellee filed a civil action in the Jefferson Circuit Court against the Appellant. Summons was issued on the Appellee's complaint and was attempted to be served at the address given in the accident report made by the police officers immediately following the accident, that address being a Louisville address. The original summons was returned with the notation that the Appellant was not found and the further notation "Moved Out—Address Unknown."

Immediately thereafter, Appellee amended her petition and alleged that the Appellant had become a non-resident of Kentucky and requested summons be issued against the Secretary of State, furnishing to the Secretary of State the same address which was furnished to the Sheriff of Jefferson County and at which address the Appellee knew the Appellant did not live. The same police report which contained the address of the Appellant further contained her Indiana automobile plate number and the correct driver's license for the Appellant. There was no showing herein that the Appellee made any attempt to secure from the proper authorities in Indiana the address given for the Appellant on either the registration plates or the driver's license. Parenthetically, the address given on both of these was the address of the Appellant's mother, and Appellant had returned to a house trailer owned by her mother and situated on the property of her mother at that address.

After process attempted by the Secretary of State was returned "Unclaimed," Appellee proceeded to obtain a default judgment against the Appellant and damages were assessed in the amount of $11,571.33. In May of 1976, and within one year of the default judgment, the Appellant moved to vacate judgment pursuant to CR 60.02, on the grounds that the trial court lacked jurisdiction over the person of the Appellant and alleging that the judgment entered therein was void. It is from the order overruling this motion that this appeal was taken.

In an unbroken line of cases, including *Hirsch v. Warren*, 253 Ky. 62, 68 S.W.2d 767 (1934); *Hertz' You Drive It Yourself System v. Castle*, Ky., 317 S.W.2d 177 (1958); and *Begley v. Kilburn*, Ky., 545 S.W.2d 926 (1976), the court has held that it is "mandatory that plaintiff furnish the Secretary of State the defendant's correct address." There has probably been some confusion as to the meaning of "correct address" and a confusion with this phrase and "last known address." Certainly, where the plaintiff knows that the address furnished to the Secretary of State is not the correct address, and in this case where the return on the summons was "Moved Out—Address Unknown," the plaintiff cannot say that she furnished the "correct address." Both the *Hertz* case, *supra*, and the *Begley* case, *supra*, contain the statement that any judgment entered in such an action is *void*.

There was considerable evidence herein that the insurer knew of the pendency of the motion for a default judgment some ten to twelve days prior to the hearing thereon and that the attorney for the insurer elected not to raise objection to insufficiency of service at the hearing. There are no cases in this Commonwealth holding that notice to the insurer constitutes notice to the insured.

For the reasons above stated, the judgment herein is reversed and the case is remanded.

All concur.