This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**M. LEONE MATTHEWS,**

    Petitioner-Appellee,

v.                                                                                    **NO. 31,252**

**STEPHEN M. JONES,**

    Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**John F. Davis, District Judge**

William M. Mast
Bernalillo, NM

for Appellee

Stephen M. Jones
Kayenta, AZ

Pro Se Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

    Stephen M. Jones (Appellant) appeals the district court's denial of his motion to set aside decree of dissolution of marriage and motion to divide undivided

community property. On August 11, 2011, this Court filed a notice of proposed summary disposition proposing to affirm the district court. Appellant filed a memorandum in opposition to proposed summary disposition, which we have duly considered. We affirm the district court.

Appellant filed the motion to set aside the 2006 decree and divide property pursuant to Rule 1-060(B) NMRA. [RP 36 ¶¶ 8-9] This rule states:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 1-059 NMRA;
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one-year after the judgment, order or proceeding was entered or taken.

Our calendar notice proposed to interpret Appellant's Rule 1-060(B) motion in

district court as invoking reasons (1), (2), or (3). Subparagraph (6) of Rule 1-060(B) requires that motions based on reasons (1), (2) or (3) be brought within one year, whereas Appellant's Rule 1-060(B) motion was not filed until over four years after the judgment.

Appellant's memorandum in opposition asserts that the judgment was void due to various purported defects in the district court's actions. [MIO 4-5] Where a motion is brought pursuant to Rule 1-060(B)(4) asserting that a judgment is void, the one-year limitation does not apply, as a void judgment can be challenged at any time. *See, e.g., Eaton v. Cooke*, 74 N.M. 301, 393 P.2d 329 (1964) (holding that there is no time limit for appeal of judgment that is void for lack of jurisdiction).

Appellant does not specify why any of the purported defects in the district court proceedings render the judgment void. He asserts, for example, that "[a]ffidavits and documents submitted to prove a default order were misapplied and omitted necessary and vital information regarding the character and disposition of the marital estate including real and personal property" and further that "[t]here are elements of fraud. [MIO 4 ¶ 4; MIO 5 ¶ 10] First, Appellant could have challenged these affidavits and documents he questions in district court, had he entered an appearance in the action. Second, to the extent that his arguments assert fraud, he could have brought a motion for relief from the judgment within one year pursuant to Rule 1-060(B)(3). Third, as

3

the district court pointed out, where there is an allegation that the district court failed to distribute property upon entry of a judgment of dissolution of marriage, relief may be sought through an independent action brought pursuant to NMSA 1978, Section 40-4-20(A) (1993). [RP 135] Where Appellant pursued none of these three avenues of relief from the purported errors, we fail to see any denial of due process that would render the judgment void, nor does Appellant cite any authority for the proposition that the judgment is void. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that if appellant fails to cite supporting authority this court will assume there is none).

For the reasons stated above and in our notice of proposed summary disposition, we affirm the district court.

**IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____
**CYNTHIA A. FRY, Judge**



_____

4

**MICHAEL E. VIGIL, Judge**