RENDERED: SEPTEMBER 30, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1393-MR

VINCENT MOCK                                  APPELLANT

              APPEAL FROM FAYETTE CIRCUIT COURT
v.             HONORABLE KIMBERLY N. BUNNELL, JUDGE
               ACTION NO. 19-CI-03647

PANERA BREAD COMPANY                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: LAMBERT, MAZE, AND TAYLOR, JUDGES.

MAZE, JUDGE: Vincent Mock (Mock) has appealed from the Fayette Circuit Court's order granting Panera Bread Company's (Panera) motion to dismiss and/or motion for summary judgment. After careful consideration, we affirm the trial court's order.

# BACKGROUND

On October 11, 2019, Mock tendered a *pro se* complaint alleging that Panera "Violated KRS[1] 413.140 towards the Plaintiff" and that it "committed defamation, False light, intentional inflection [sic] and acted with negligence reckless disregard for the truth, accused to the Plaintiff." He also attached a motion and affidavit seeking to proceed without the payment of court costs. That motion was denied on October 17, 2019. No further action took place in the case until January 5, 2021, when the court sent out its regular notice to dismiss for lack of prosecution. Mock appeared for the court's show cause and the case was allowed to remain active. No additional steps were taken until July 20, 2021, when summons was issued and the complaint was designated filed. Service was then made upon Panera in St. Louis, Missouri.

On September 7, 2021, Panera filed its motion to dismiss and/or motion for summary judgment asserting that Mock's claims were barred by the statute of limitations and were improperly stated. Mock filed his objection, arguing that he had one year from October 11, 2018, the date of the "event"[2] which resulted in his complaint, plus thirty days from the date on which he learned that

---

[1] Kentucky Revised Statutes.

[2] Mock filed an amended complaint, containing details explaining the factual basis for his claims and adding a claim for intentional infliction of emotional distress. However, he later withdrew that amendment.

his motion to proceed *in forma pauperis* had been denied. The court granted Panera's motion, dismissing all his claims. Mock's subsequent motion to vacate was denied and this appeal followed.

On appeal, Mock argues the trial court erred by denying his motion to waive court costs, that it erred in failing to send out a form AOC-026 informing him that he had thirty days in which to appeal or pay the fees, and that it erred in denying his claim for intentional infliction of emotional distress.

Panera argues the trial court's denial of Mock's motion to proceed *in forma pauperis* was not the basis for its order of dismissal. Panera asserts that Mock's claims were barred by the statute of limitations and therefore properly dismissed. Further, specifically as to Mock's claim for intentional infliction of emotional distress, Panera argues that such a claim may not be asserted merely for purposes of saving a complaint from dismissal on limitations grounds, where it is not otherwise warranted.

**STANDARD OF REVIEW**

A motion to dismiss under CR[3] 12.02(f) for failure to state a claim upon which relief may be granted is reviewed *de novo*. *Carruthers v. Edwards*, 395 S.W.3d 488, 491 (Ky. App. 2012). Summary judgment is also reviewed *de*

---

[3] Kentucky Rules of Civil Procedure.

-3-

*novo*. *Isaacs v. Sentinel Insurance Company Limited*, 607 S.W.3d 678, 681 (Ky. 2020).

## ANALYSIS

*Statute of Limitations*:

Pursuant to CR 77.04(1) and CR 5.05(4) Mock had every right to expect that he would receive notice of the court's denial of his motion to proceed *in forma pauperis* so that he could take the necessary steps within the limitations period. However, CR 77.04(4) specifically provides that failure of the clerk to send notice or of a party to receive it "shall not affect the validity of the judgment or order, and does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 73.02(1)." Thus, the burden remained on Mock to contest the trial court's order denying his motion to proceed *in forma pauperis* by appeal at the appropriate time in the appropriate manner. Such a burden implies a duty to periodically examine the court record to ascertain the status of any pending motions. Failure to do so cannot be asserted to seek relief from the statute of limitations.

The statute of limitations for a defamation claim is one year. *Caslin v. Gen. Elec. Co.*, 608 S.W.2d 69, 70 (Ky. App. 1980) (citing KRS 413.140(1)(d)). It begins to run from the date of "publication." *Id*. The Court notes that the date of

-4-

publication is not stated in Mock's original complaint.[4] CR 3.01 provides that "[a] civil action is commenced by the filing of a complaint with the court and the issuance of a summons or warning order thereon in good faith." In this case, while the complaint was apparently tendered within the limitation period, it was not accepted as filed until July 20, 2021.

Further, the summons to be associated with that complaint was not issued until July 30, 2021. For purposes of interrupting the statute of limitations, an action is not commenced until a summons is issued in good faith. *Ideal Sav., Loan & Bldg. Ass'n of Newport v. Town of Park Hills*, 281 Ky. 571, 574, 136 S.W.2d 748, 749-50 (Ky. 1940). Clearly, the trial court did not err in dismissing Mock's claim for defamation on the grounds that the statute of limitations had run.

KRS 413.120(6) sets forth a five-year statute of limitations for injuries arising out of miscellaneous claims of a non-specific, non-contractual nature. Claims for the intentional infliction of emotional distress have been held to fall into this category. However, a claim for a more traditional tort, such as defamation, cannot be saved from the application of the one-year statute of limitations by the addition of a claim for intentional infliction of emotional distress, where that claim

---

[4] In the amended complaint tendered to the trial court but not accepted, Mock asserted that the publication date was October 11, 2018.

is based upon the same facts. *Shaw v. Handy*, 588 S.W.3d 459, 461-62 (Ky. App. 2019) (citing *Childers v. Geile*, 367 S.W.3d 576, 582-83 (Ky. 2012)).

*Failure to State a Claim*:

Based upon the language of the trial court's order of October 10, 2021, Mock's claims were not only dismissed based on the statute of limitations but upon his failure to properly state a claim. As a result, the court held that all his claims were dismissed. The same language was employed when the matter was reconsidered in the court's order of November 8, 2021.

The elements of a defamation claim are: 1) defamatory language 2) about the plaintiff 3) publication and 4) injury to reputation. *Columbia Sussex Corp., Inc. v. Hay*, 627 S.W.2d 270, 273 (Ky. App. 1981). Mock's original complaint alleges that he was defamed but fails to state the manner in which this defamation occurred. While his amended complaint appears to establish these minimal requirements, it was not filed until long after the statute of limitations had run.[5] Therefore, the trial court did not err in dismissing Mock's defamation claim.

Similarly, Mock's failure to properly plead a claim for false light properly resulted in its dismissal. A plaintiff must plead that "(1) the false light in

---

[5] Futility is one factor for the trial court to consider when determining whether to allow an amended pleading. *Kenney v. Hanger Prosthetics & Orthotics, Inc.*, 269 S.W.3d 866, 869 (Ky. App. 2007) (citing *First National Bank of Cincinnati v. Hartman*, 747 S.W.2d 614, 616 (Ky. App. 1988)).

which the other was placed would be highly offensive to a reasonable person, and (2) the publisher had knowledge of, or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other was placed." *Cromity v. Meiners*, 494 S.W.3d 499, 505 (Ky. App. 2015) (quoting *McCall v. Courier Journal & Louisville Times Co.*, 623 S.W.2d 882, 888 (Ky. 1981)). Once again, the basic requisites for a false light claim were not placed before the court prior to the expiration of the statute of limitations.

## CONCLUSION

For the foregoing reasons, we affirm the Fayette Circuit Court's order dismissing.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Vincent Mock, *pro se*
Lexington, Kentucky

BRIEF FOR APPELLEE:

Licha H. Farah, Jr.
James P. Freel
Lexington, Kentucky