Officer Sam **CROMITY**, Appellant

v.

Terry **MEINERS** and **Clear Channel Communication, Inc.** d/b/a **WHAS Radio** a/k/a **WHAS** a/k/a **News Radio 84**, Appellees

NO. 2013–CA–002117–MR

Court of Appeals of Kentucky.

RENDERED: SEPTEMBER 25, 2015; 10:00 A.M.

Discretionary Review Denied by Supreme Court August 17, 2016

500

BEFORE: CLAYTON, KRAMER, AND VANMETER, JUDGES.

*OPINION*

VANMETER, JUDGE:

This case involves the issue of when a speaker's opinion is actionable for defamation. Officer Sam Cromity appeals from the Jefferson Circuit Court's order granting Terry Meiners and Clear Channel Communication, Inc.'s[1] motion for summary judgment on Officer Cromity's defamation and false light claims. The trial court held that Meiners' statements concerning Cromity were commentary involving non-actionable expressions of opinion, and for the following reasons, we affirm.

On March 18, 2011, Officer Cromity, a member of the Louisville Metro Police Department, cited Meiners on the Watterson Expressway for operating his vehicle in excess of the posted speed limit of 55 miles per hour. Later that day, Meiners, a radio personality, discussed the incident on the air. Over multiple broadcasts, Meiners described the traffic stop, and claimed that he had not been speeding and thus was not deserving of a traffic ticket. He proceeded to describe Cromity as an "out and out liar," a "troubled public servant," and "delusional," and later began calling Cromity "Black Car Barney" in a reference to the incompetent television character Barney Fife. Meiners referred to Cromity as a "creative writer" and implied that Cromity had fabricated the speeding allegations, questioning the propriety of Cromity's conduct in issuing him a ticket. Finally, Cromity claims Meiners accused him of intimidation given the way Meiners described how Cromity approached his vehicle. Meiners was ultimately acquitted of

Briefs for Appellant: Andrew J. Horne, Louisville, Kentucky.

Brief for Appellee: Stephen B. Pence, Louisville, Kentucky, Michael J. Grygiel, Albany, New York.

1. Clear Channel Communications, Inc. is the owner and operator of WHAS in Louisville, the station which broadcasts Meiners' radio program. For simplicity and ease of reference, we will refer to both Meiners and Clear Channel as "Meiners" in this opinion.

the charge of going 75mph in a 55mph zone in a separate criminal proceeding.

Cromity filed a complaint on March 15, 2012, alleging defamation damaging to his professional reputation and speech placing him in a false light. The trial court granted summary judgment in favor of Meiners, stating:

> The Court finds that the statements at issue made by Defendant Terry Meiners, during the context of two radio broadcasts, were commentary involving a matter of public interest and are non-actionable expressions of opinion based upon his description of the events of the March 18, 2011 traffic stop.

Cromity now appeals.

On appeal, Cromity makes five arguments. First and foremost, he argues that statements of opinion are not universally protected speech for purposes of defamation actions. Second, he alleges that the matter should have been submitted to a jury to determine whether defamatory meaning was attributed to Meiners' statements. Next, Cromity claims that Meiners' statements were slander per se, and thus the burden was on Meiners to overcome the presumption of falsity. Fourth, Cromity claims that Meiners is not entitled to more protection for his speech because Meiners is not a member of the "press" as that term is generally understood. Finally, Cromity claims that the trial court erred by failing to address his false light claims.

CR [2] 56.03 provides that summary judgment is appropriate when no genuine issue of material fact exists and the moving party is therefore entitled to judgment as a matter of law. Summary judgment may be granted when "as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor and against the movant." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 483 (Ky. 1991) (internal quotations omitted). Whether summary judgment is appropriate is a legal question involving no factual findings, so a trial court's grant of summary judgment is reviewed *de novo. Coomer v. CSX Transp., Inc.*, 319 S.W.3d 366, 370–71 (Ky. 2010).

Defamation is, generally, "the injury to the reputation of a person in public esteem." *Stringer v. Wal–Mart Stores, Inc.*, 151 S.W.3d 781, 793 (Ky. 2004) *overruled on other grounds by Toler v. Süd–Chemie, Inc.*, 458 S.W.3d 276 (Ky. 2015) (internal quotation and citation omitted). A prima facie case of slander, or oral defamation, requires proof of four elements: (1) defamatory language, (2) about the plaintiff, (3) which is published, and (4) which causes injury to reputation. *Id.* The alleged defamatory words must be construed in their most natural meaning and "measured by the natural and probable effect on the mind of the average [listener]." *Id.* (internal citations and quotations omitted).

The Kentucky Supreme Court in *Yancey v. Hamilton*, 786 S.W.2d 854 (Ky. 1989), laid out the Kentucky approach to opinion-based defamation claims. The Court adopted the Restatement (Second) of Torts' approach to a fact-opinion distinction, which states:

> A defamatory communication may consist of a statement in the form of an opinion, but a statement of this nature is actionable only if it implies the allegation of undisclosed defamatory fact as the basis for the opinion.

*Id.* at 857 (citing Restatement (Second) of Torts § 566 (1977)). The key distinction is between statements which are "pure" opin-

---

2. Kentucky Rules of Civil Procedure.

ion and statements which are "mixed" expressions of opinion. *Id.*

> "Pure opinion, which is absolutely privileged, occurs where the commentator states the facts on which the opinion is based, or where both parties to the communication know or assume the exclusive facts on which the comment is clearly based. In contrast, the mixed type is apparently based on facts regarding the plaintiff or his conduct that have not been stated by the defendant or assumed to exist by the parties to the communication."

*Id.* (internal citations and quotations omitted). With mixed opinion, the defendant is subject to liability if the listener draws the reasonable conclusion that the opinion expressed by the speaker must have been based on undisclosed defamatory facts. *Id.*

In 1990, the United States Supreme Court addressed the issue of whether opinion speech is actionable for defamation in *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990), and took a position consistent with the Kentucky Supreme Court's approach in *Yancey.* The Supreme Court declined to create a dichotomy between opinions, which the defendants in *Milkovich* asserted were entitled to absolute Constitutional protection from defamation actions, and defamatory facts, which are typically actionable. *Id.*, 497 U.S. at 19, 110 S.Ct. at 2706. Instead, the Court found that the issue is not whether a statement is one of fact or opinion, but rather whether the alleged defamatory statement is provable as false. *Id.* In other words, for a statement to be actionable, the statement must be sufficiently factual so that it may be proven false, or the statement must imply underlying facts which are provable as false. *Id.*, 497 U.S. at 21, 110 S.Ct. at 2707.

Pertinent to the statements at issue in this case, and illustrative of the "provable as false" standard, the Supreme Court discussed the hypothetical statement, "In my opinion John Jones is a liar." *Id.* at 18–19, 110 S.Ct. 2695. The Court said,

> If a speaker says, "In my opinion John Jones is a liar," he implies a knowledge of facts which lead to the conclusion that Jones told an untruth. Even if the speaker states the facts upon which he bases his opinion, if those facts are either incorrect or incomplete, or if his assessment of them is erroneous, the statement may still imply a false assertion of fact. Simply couching such statements in terms of opinion does not dispel these implications; and the statement, "In my opinion Jones is a liar," can cause as much damage to reputation as the statement, "Jones is a liar."

*Id.*

■ As noted previously, a pure expression of opinion is absolutely privileged, and occurs "where the commentator states the facts on which the opinion is based, or where both parties to the communication know or assume the exclusive facts on which the comment is clearly based." *Yancey*, 786 S.W.2d at 857. Still, as discussed in the above hypothetical, even if a speaker discloses the facts on which he bases his opinion, the statement may nonetheless be defamatory if the disclosed facts are incomplete, incorrect, or if his assessment of them is erroneous. *Milkovich*, 497 U.S. at 18–19, 110 S.Ct. at 2706.

■ Accordingly, in this case, Meiners' statements alleging that Cromity is a liar could be actionable if Meiners failed to state the facts in support of his opinion, failed to give a complete rendering of the facts, or gave facts that were provable as false. Here, we believe Meiners fully dis-

closed the facts behind his assertion that Cromity lied, sharing the entire story of his traffic stop along with his opinion. Therefore, we must look to the facts Meiners shared and determine whether they are provable as false.

The only disputed factual statement at issue is Meiners' contention that he was not speeding when Cromity pulled him over. We do not believe that this statement is provable as false. There seems to be no definitive proof as to whether Meiners was exceeding the speed limit on the day in question. The only evidence available is Meiners' word against Cromity's. Thus we find no means of definitively proving Meiners' statement either true or false. In addition, Meiners has since been acquitted of the charge of going 75 mph in a 55 mph zone. While we agree with Cromity that this acquittal is not definitive proof of the truth of Meiners' claim that he was not speeding, it certainly does not weigh in Cromity's favor. Disparaging statements that "are not so definite or precise as to be branded false[ ]" cannot support an action for defamation. *Welch v. Am. Publ'g Co. of Ky*, 3 S.W.3d 724, 730 (Ky. 1999). Since the factual assertions underlying Meiners' opinions expressed during his broadcasts are not provable as false, and meet other requirements of protected opinion speech, they are constitutionally protected.

Moreover, the Supreme Court in *Milkovich* stated, "a statement of opinion relating to matters of public concern which does not contain a provably false factual connotation will receive full constitutional protection." *Milkovich*, 497 U.S. at 20, 110 S.Ct. at 2706 (citing *Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 779, n. 4, 106 S.Ct. 1558, 1565, n. 4, 89 L.Ed.2d 783 (1986)). We agree with the trial court's finding that Meiners' statements addressed an issue of public concern, specifically, the integrity of a local police officer. Since Meiners fully disclosed the facts supporting his opinion, and those facts are not provable as false, Meiners' opinions are constitutionally protected.

Secondly, Cromity claims the matter should have been submitted to the jury to determine whether the statements had a defamatory meaning. Cromity correctly notes that when the words at issue are capable of bearing more than one meaning, the jury is tasked with deciding whether a reasonable recipient would attribute a defamatory meaning to the statement. *Yancey*, 786 S.W.2d at 858. Nonetheless, the trial court must first make a threshold determination as to whether facts supporting an opinion are provable as false. Whether a statement qualifies for protection under the constitutional pure opinion privilege is a legal question to be decided by the court, not a question for the jury. *See Yancey*, 786 S.W.2d at 857 ("the court 'must determine whether an expression of opinion is capable of bearing a defamatory meaning because it may reasonably be understood to imply the assertion of undisclosed facts which may justify the expressed opinion about the undisclosed facts.'"); *Biber v. Duplicator Sales & Serv., Inc.*, 155 S.W.3d 732 (Ky. 2004) (summary judgment properly granted where statements constituted expression of opinion based on truthful facts). Thus, the trial court properly made the determination that Meiners' statements were protected, and no jury question was necessary.

Cromity's other arguments concerning his defamation claims are rendered irrelevant by our holding that Meiners' speech constituted protected, inactionable opinion speech. Neither the burden of proving falsity nor the standard applied when the speaker is a member of the press are relevant when the speech itself is protect-

ed from an action for defamation. Consequently, we will not address these issues in this opinion.

 Lastly, Cromity argues that the trial court erred by failing to address his false light claims in its order granting summary judgment. Kentucky first recognized the false light cause of action, a subset of the tort of invasion of privacy, in *McCall v. Courier Journal & Louisville Times Co.*, 623 S.W.2d 882, 887–88 (Ky. 1981). In *McCall*, the Kentucky Supreme Court set out the two basic requirements for such an action: "(1) the false light in which the other was placed would be highly offensive to a reasonable person, and (2) the publisher had knowledge of, or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other was placed." *Id.* at 888 (citing Restatement (Second) of Torts, § 652E (1976)). The actual malice standard of *New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964) must be met in order for a false light claimant to prevail at trial when the subject matter of the speech is of public interest. *Yancey*, 786 S.W.2d at 860.

We agree with Cromity that the trial court did not address his false light claims in the order granting summary judgment. However, we find this omission to be harmless error. Harmless error is described as follows:

No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

CR 61.01. We do not believe the trial court's omission is inconsistent with substantial justice, nor does it affect the substantial rights of the parties. As discussed previously, we do not believe that any of Meiners' statements can be proven false. It thus follows that Cromity would be unable to prove knowledge of, or a reckless disregard for, the falsity of Meiners' statements. Therefore, summary judgment on the false light claims was warranted.

We believe the trial court properly granted summary judgment in favor of Meiners. We agree that his statements made on the air were constitutionally protected opinion speech in view of the fact that his opinions were supported by a complete account of the relevant facts, and because those supporting facts were not provable as false. Because those facts were not provable as false, any false light claim would necessarily fail. Thus the omission of Cromity's false light claims from the trial court's order was harmless error. Summary judgment on all of Cromity's claims was proper.

The order of the Jefferson Circuit Court is affirmed.

ALL CONCUR.