RENDERED:  NOVEMBER 21, 2025; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1092-MR

ANDES ROOFING, LLC                                      APPELLANT


v.               APPEAL FROM OLDHAM CIRCUIT COURT
                 HONORABLE JERRY D. CROSBY, II, JUDGE
                 ACTION NO. 24-CI-00099


JOSEPH RUSNAK                                            APPELLEE


OPINION
AFFIRMING IN PART, REVERSING IN PART,
AND REMANDING

** ** ** ** **

BEFORE:  COMBS, L. JONES, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Andes Roofing, LLC, brings this appeal from an August 28, 2024, Order of the Oldham Circuit Court granting Joseph Rusnak's motion to dismiss Andes Roofing's defamation claim.  We affirm in part, reverse in part, and remand.

## BACKGROUND

In 2023, Joesph Rusnak contracted with Andes Roofing, LLC, to replace the roof upon his home located in Crestwood, Kentucky.[1] Rusnak was dissatisfied with the new roof. He alleged the roof was wavy due to warping of the old plywood underneath the roof and that Andes Roofing failed to replace old plywood per their agreement. Rusnak also claimed that the roof was not installed properly as the shingles were not correctly nailed down, boots were not replaced, and bottom shingles were buckled up. As a result, Rusnak did not pay the full contracted price for the roof replacement, by withholding $5,276.52. Rusnak also posted negative reviews of Andes Roofing on Google and allegedly contacted customers of Andes Roofing.

On February 20, 2024, Andes Roofing filed a complaint against Rusnak in the Oldham Circuit Court. In the complaint, Andes Roofing alleged that it attempted to remedy Rusnak's complaints but was forced to leave the property by Rusnak. Additionally, Andes Roofing asserted that the wave in the roof was due to framing issues with Rusnak's residence and was not due to the roof installation. Andes Roofing also claimed that Rusnak defamed it by knowingly making false allegations against it and breached the contract by not fully paying

---

[1] This Court takes judicial notice of records filed with the Kentucky Secretary of State that Andes Roofing, LLC, is an Indiana limited liability company authorized to do business in Kentucky. The company's owner is Ethan Andes.

the contracted price for the new roof replacement by withholding a $5,276.52

payment. As to defamation, Andes Roofing particularly alleged:

11. After Andes declined to perform framing work on Rusnak's Property, Rusnak began posting defaming comments on Google Reviews under Andes' business profile. Rusnak left various damaging and untruthful comments, claiming that "Ethan Andes is a con man", Andes is a "terrible company", and Rusnak commented "Please take your time and reads these FAKE five star reviews, trust me don't use this company!!!!!!!!!!!!!!!!". (**Ex 2. – Screenshots of Rusnak's Reviews, Collectively**).

12. Rusnak has created multiple Google accounts for the purpose of leaving negative comments on Andes' Google page. Rusnak periodically deletes a comment and posts a new 1- star review with negative remarks about Andes. The act of deleting the previous comment and leaving a new one results in the new negative comment being shown at the top of the list and the first comment that any potential viewers/customers see. This frequency of negative comments has also resulted in Google moving Andes' profile lower on the list of contractors/companies that show up when you search for roofers in the area. Andes used to be first or second on Google's search results page, but their placement has significantly dropped since Rusnak began leaving these frequent negative reviews.

13. Andes generates a significant portion of its business from Google, and one of the keys to this is the ability to find Andes from a general search.

14. Rusnak has also been monitoring Andes' social media pages and sending unsolicited messages to people who interact with Andes' page. Blake Morris, a salesman for Andes, received a message about Rusnak from Judy Bristow, a woman who Andes had previously

engaged to complete a new roof on her property. Bristow had left a glowing review on Andes' Google page, where she recommended that people use Andes for roofing work. Bristow was also subsequently engaged with Andes for a complete roof replacement. Bristow messaged Blake Morris and told him that Rusnak had reached out to her in response to her positive review. Rusnak told Bristow that Andes only uses unskilled subcontractors, and that their service is terrible after they get you to sign a contract. Rusnak also recommended two other roofing contractors to contact instead of Andes. (**Ex. 3 – Text with Morris**). After this occurred, Bristow declined to move forward with Andes for the replacement of her roof. Rusnak's online stalking and false statements directly caused Andes to lose a large roofing job.

15. This has inevitably happened with other potential customers, costing Andes jobs.

16. Rusnak watches Andes' Google reviews and he reaches out to anyone who leaves a positive review for the purpose of trying to get the person to lower or delete the review. Rusnak finds the person who left the review on Facebook and asks them to lower/delete their review. Rusnak has also went [sic] through Andes['] old reviews as well and solicited those people to lower their reviews. Andes has noticed several reviews from two to three years ago change to a lower star rating, without Andes having any recent contact with the person who left the review.

17. Rusnak knows his statements to third parties to be false because Rusnak issued a demand letter to Andes on August 10, 2023, in response to which Andes provided comprehensive documentation (including pictures of work and repairs, change order(s), and audio of Rusnak kicking them off the Property) on September 8, 2023, objectively rebutting each contention. Dissatisfied with having no legal claim, Rusnak turned to the "court of

public opinion" to maliciously and vindictively spread these falsities.

Complaint at 2-4. Rusnak filed an answer and counterclaim. In the counterclaim, Rusnak alleged that Andes Roofing breached the contract by failing to replace the old plywood under the roof and by improperly installing the new roof.

Thereafter, Rusnak filed a motion to dismiss the case, specifically seeking to dismiss the defamation claim pursuant to the Uniform Public Expression Protection Act (UPEPA). Rusnak argued that the UPEPA was applicable because his statements constituted his opinion on a matter of public concern. Additionally, Rusnak argued that his statements concerning Andes Roofing were purely opinion and did not constitute actionable defamation. In response, Andes Roofing maintained that the UPEPA did not apply because Rusnak's statements about Andes Roofing were not matters of public concern. Instead, Andes Roofing asserted that the statements were motivated by Rusnak's personal desire to hurt Andes Roofing's business reputation. In response to the motion to dismiss, Andes Roofing maintained that Rusnak's statements were not opinion but concerned provable facts and were "defamatory/libelous *per se.*" April 23, 2024, Response at 7.

By order entered August 28, 2024, the circuit court concluded that the expedited procedures of UPEPA were applicable and that Andes Roofing failed to set forth a *prima facie* case that Rusnak's statements were defamatory. The circuit

court viewed Rusnak's statements as pure opinion and privileged, thus dismissing the defamation claim.[2]

## STANDARD OF REVIEW

This appeal is limited to review of the circuit court's decision to dismiss Andes Roofing's defamation claims against Rusnak pursuant to the UPEPA. This Court has recently held that our review of a lower court's decision under UPEPA is *de novo*. *Davenport Extreme Pools & Spas, Inc. v. Mulflur*, 698 S.W.3d 140, 150 (Ky. App. 2024). Our review proceeds accordingly.

## ANALYSIS

Uniform Public Expression Protection Act (UPEPA)

1. *Application*

Andes Roofing contends that the circuit court improperly granted the motion to dismiss its defamation claim against Rusnak. Andes Roofing argues that the UPEPA does not apply because Rusnak's statements were not regarding a matter of public concern. Andes Roofing opines that the UPEPA was not intended to "prevent small businesses, such as Andes, from protecting its business interests from unreasonably angry customers." Andes Roofing Brief at 7. Andes Roofing

---

[2] As noted, Andes Roofing, LLC, also asserted a breach of contract claim which the circuit court declined to dismiss. That ruling was not appealable. The Uniform Public Expression Protection Act (UPEPA) provides for a matter of right appeal from an order granting or denying relief thereunder. Kentucky Revised Statutes (KRS) 454.476.

maintains that Rusnak's statements about Andes Roofing were motivated by purely private and personal reasons – Rusnak was dissatisfied with the new roof installed by Andes Roofing. According to Andes Roofing, Rusnak's statements were not made as a member of the general public and did not constitute a matter of public concern under UPEPA.

The Kentucky General Assembly enacted the UPEPA in 2022, and the law is codified in KRS 454.460-KRS 454.478. The UPEPA was enacted as a countermeasure against Strategic Lawsuits Against Public Participation (SLAPP), which are legal actions filed by businesses or persons to intimidate or harass those exercising their freedom of speech, freedom of association, or freedom of petition. *Davenport Extreme Pools*, 698 S.W.3d at 150. The UPEPA has been interpreted as "purely procedural" and as merely "permit[ting] expedited consideration of already-existing substantive protections." *Id.* at 151. Under its provisions, a party may file a "special motion for expedited relief to dismiss the cause of action in whole or in part." KRS 454.464. Upon filing the motion to dismiss, the action is stayed and limited discovery is allowed to determine if "a party has satisfied or failed to satisfy a burden under KRS 454.472(7)." KRS 454.466(4). KRS 454.472 sets forth the burdens of each party:

> (1) In ruling on a motion under KRS 454.464, the court
> shall dismiss with prejudice a cause of action, or part of a
> cause of action, if:

(a) The moving party establishes under KRS 454.462(1) that KRS 454.460 to 454.478 applies;

(b) The responding party fails to establish under KRS 454.462(2) that KRS 454.460 to 454.478 does not apply; and

(c) Either:

1. The responding party fails to establish a prima facie case as to each essential element of the cause of action; or

2. The moving party establishes that:

a. The responding party failed to state a cause of action upon which relief can be granted; or

b. There is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the cause of action or part of the action.

Under KRS 454.472(1)(a), the moving party must demonstrate that the statements come within the ambit of the UPEPA. To determine same, we look to KRS 454.462, which provides, in relevant part:

(1) Except as otherwise provided in subsection (2) of this section, KRS 454.460 to 454.478 applies to a cause of action asserted against a person based on the person's:

. . . .

(c) **Exercise of the right of freedom of speech** or of the press, the right to assemble or petition, or

-8-

the right of association, as guaranteed by the United States Constitution or Kentucky Constitution, **on a matter of public concern**.

(2) (a) Except as provided in paragraph (b) of this subsection, KRS 454.460 to 454.478 shall not apply to a cause of action asserted:

. . . .

(b) KRS 454.460 to 454.478 applies to a cause of action asserted under paragraph (a) of this subsection when the cause of action is:

. . . .

2. An action against a person related to the communication, gathering, receiving, posting, or processing of consumer opinions or commentary, evaluation of consumer complaints, or reviews or ratings of businesses.

KRS. 454.462 (emphasis added). And a "matter of public concern" is defined as a statement concerning:

(a) A public official, public figure, or other person who has drawn substantial public attention due to the person's official acts, fame, notoriety, or celebrity;

(b) A matter of political, social, or other interest to the community; or

(c) A subject of concern to the public[.]

KRS 454.460(4).

Our Court has recognized that the "General Assembly drafted it [UPEPA] to apply broadly to 'a cause of action asserted against a person based on the person's: . . . (c) Exercise of the right of freedom of speech or of the press . . . on a matter of public concern.'" *Davenport Extreme Pools*, 698 S.W.3d at 155 (quoting KRS 454.462(1)(c)). Under its provisions, the circuit court is empowered to award attorney's fees, expenses, and costs. KRS 454.478.

According to Andes Roofing, Rusnak's statements were not "on a matter of public concern" under KRS 454.462(1)(c) and, thus, did not come within the scope of the UPEPA. Reply Brief at 3. It is uncontroverted that Rusnak's statements were posted on Google as a review for Andes Roofing. Rusnak posted that Ethan Andes was a con man, Andes Roofing was a terrible company, and Andes Roofing deleted all negative reviews but did "leave a few to look normal." August 28, 2024, Order at 10. Additionally, Rusnak posted "[p]lease take your time and read these FAKE five star reviews, trust me don't use this company[.]" August 28, 2024, Order at 10.

In *Davenport Extreme Pools*, 698 S.W.3d at 140, the Court of Appeals was faced with the issue of whether the UPEPA applied to statements of customers that Davenport Pools and Spas was operating a Ponzi scheme, was unprofessional, was untrustworthy, failed to timely construct pools under contract, and had multiple lawsuits filed against it. The Court of Appeals concluded that the

-10-

UPEPA was applicable as the General Assembly "clearly intended the procedures [in the UPEPA] to apply widely to expressions both public and private, especially speech relating to consumer opinions, commentary, complaints, reviews, and ratings of businesses." *Id.* at 155. In fact, the Court noted that the UPEPA expressly covers actions "against a person related to the communication, . . . posting, or processing of consumer opinions or commentary, evaluation of consumer complaints, or reviews or ratings of businesses." *Id.* at 155 (quoting KRS 454.462(2)(b)2.).

As in *Davenport Extreme Pools*, 698 S.W.3d at 140, Rusnak's statements concerned Andes Roofing's quality of work, business acumen, and trustworthiness. Considering that the UPEPA was intended to have broad application to consumer complaints, we conclude that Rusnak's statements regarding Andes Roofing come within the ambit of the UPEPA as the statements involved a matter of public concern under KRS 434.462(1)(c). *See Davenport Extreme Pools*, 698 S.W.3d at 155.

2. *Dismissal*

Having concluded that Rusnak's statements constituted a matter of public concern per KRS 454.462(1)(c) and as Andes Roofing has not argued that an exception applies per KRS 454.462(2), we must now determine whether the circuit court properly dismissed Andes Roofing's defamation claim pursuant to

-11-

KRS 454.472(1)(c). KRS 454.472(1)(a), (b). Again, KRS 454.472(1)(c) permits

dismissal where:

> 1. The responding party fails to establish a prima facie
> case as to each essential element of the cause of action;
> or
>
> 2. The moving party establishes that:
>
>> a. The responding party failed to state a cause of
>> action upon which relief can be granted; or
>>
>> b. There is no genuine issue as to any material fact
>> and the moving party is entitled to judgment as a
>> matter of law on the cause of action or part of the
>> action.

In this case, Rusnak filed a motion to dismiss and argued that Andes

Roofing had failed to set forth a claim upon which relief could be granted. In

particular, Rusnak asserted that his statements concerning Andes Roofing were

pure opinions related to a matter of public concern and absolutely privileged

statements. Therefore, Rusnak sought dismissal under KRS 454.472(1)(c)2.a.[3]

To set forth a claim for defamation, it is axiomatic that the plaintiff

must initially demonstrate that defendant used false and defamatory language.

*Davenport Extreme Pools*, 698 S.W.3d at 157. Defamatory language is said to

"harm the reputation of another as to lower him in the estimation of the community

---

[3] In its order dismissing the defamation claim, the circuit court commented that neither party
proceeded with limited discovery as permitted under KRS 454.466(4).

-12-

or to deter third persons from associating or dealing with him." *National College of Ky, Inc. v. WAVE Holdings, Inc.*, 536 S.W.3d 218, 222 (Ky. App. 2017). For a statement to be considered false, "'the statement must be sufficiently factual so that it may be proven false, or the statement must imply underlying facts which are provable as false.'" *Davenport Extreme Pools*, 698 S.W.3d at 158 (quoting *Cromity v. Meiners*, 494 S.W.3d 499, 503 (Ky. App. 2015)). In short, the statement must have either sufficiently stated or implied facts that were capable of being proven false. *Id.* Statements of pure opinion are absolutely privileged under the First Amendment of the United States Constitution and, thus, are not actionable as defamatory statements. *Yancey v. Hamilton*, 786 S.W.2d 854, 856-57 (Ky. 1989); *see also Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 340 (1974); *Sandmann v. New York Times Co.*, 78 F.4th 319, 329 (6th Cir. 2023). To determine whether a statement is pure opinion and absolutely privileged, the Kentucky Supreme Court has adopted the RESTATEMENT (SECOND) OF TORTS § 566 (1977), which states:

> A defamatory communication may consist of a statement in the form of an opinion, but a statement of this nature is actionable only if it implies the allegation of undisclosed defamatory fact as the basis for the opinion.

*Yancey*, 786 S.W.2d at 857.

The pivotal inquiry under the RESTATEMENT (SECOND) OF TORTS § 566 (1977) is whether the statement is pure opinion, which is absolutely privileged, or mixed opinion, which is not privileged. *Yancey*, 786 S.W.2d at 857; *Cromity*,

-13-

494 S.W.3d at 502-03.  A pure opinion statement is based upon facts that are disclosed or facts that are known or assumed by the parties to the statement. *Yancey*, 786 S.W.2d at 857; *Davenport Extreme Pools*, 698 S.W.3d at 157.  It "occurs when the maker of the comment states the facts on which he bases his opinion of the plaintiff and then expresses a comment as to the plaintiff's conduct, qualifications or character."  *Ramler v. Birkenhauer*, 684 S.W.3d 708, 719 (Ky. App. 2024) (quoting RESTATEMENT (SECOND) OF TORTS § 566, cmt. b (1977)).  Pure opinion also occurs when the facts that form the opinion are known by or available to the reader.  By contrast, a mixed opinion statement is based upon facts that are not disclosed or assumed to be known by the parties to the statement. *Yancey*, 786 S.W.2d at 857; *Davenport Extreme Pools*, 698 S.W.3d at 157.  It "is one which, while an opinion in form or context, is apparently based on facts regarding the plaintiff or his conduct that have not been stated by the defendant or assumed to exist by the parties to the communication."  *Ramler*, 684 S.W.3d at 719-20 (quoting RESTATEMENT (SECOND) OF TORTS § 566, cmt. b (1977)).  The whole context of the statement must be considered when determining whether the statement is pure opinion, mixed opinion, or factual.

In this case, Andes Roofing claimed that Rusnak posted negative comments about Andes Roofing on Google.  Andes Roofing maintained that the following statements by Rusnak were defamatory:  "1.  'They delete all negative

-14-

reviews!!! They do leave a few to look normal . . . Ethan Andes is a Con Man!!!!' 2. 'This is a terrible company to do business with!' 3. 'Very bad experience with this company.' 4. 'Please take your time and read these FAKE Five star reviews, trust me don't use this company!!!!!!!!!!!'" August 28, 2024, Order at 10. Additionally, Andes Roofing alleged that Rusnak messaged Judy Bristow, who had posted a positive review for Andes Roofing on Facebook, and informed Bristow that Andes Roofing used only unskilled subcontractors and that Andes Roofing did terrible work.

The statements by Rusnak that Andes Roofing was a terrible company to do business with, used unskilled workers, did terrible work, and encouraging others to not use the company, constitute Rusnak's subjective opinions concerning Andes Roofing. *See Sandmann*, 78 F.4th at 331. These statements are based upon Rusnak's own perception of Andes Roofing actions, are inherently subjective, and are incapable of being proven true or false. *Cromity*, 494 S.W.3d at 503-04. For instance, facts that would justify calling a company terrible or alleging the company used nonskilled workers are not fixed but rather dependent upon personal views and preferences. The context of the statements must also be considered. The statements were posted on Google as a review of Andes Roofing. Reviews of this nature are objectively known to express the opinions of the author. Consequently, we are of the opinion that these statements are absolutely privileged

-15-

as pure opinion, and the circuit court properly dismissed the defamation claim as to these specific statements under KRS 454.472(1)(c)2.a.

Nonetheless, the following statements posted by Rusnak on Google are more troublesome – "'[T]hey delete all negative reviews!!!  They do leave a few to look normal . . . Ethan Andes is a Con Man!!!!'"  August 28, 2024, Order at 10.  The statement by Rusnak stating that Ethan Andes was a con man certainly constitutes a derogatory opinion.  *See National College of Ky, Inc.*, 536 S.W.3d at 222.[4]  Preceding his opinion that Ethan was a con man, Rusnak particularly stated that Andes Roofing deleted bad reviews.  It is reasonable that the reader would believe that Rusnak's opinion that Ethan was a con man was based upon the practice of deleting bad reviews on Google, which would be imputed as an action by Andes Roofing.  Therefore, Rusnak stated facts, albeit defamatory facts, to support his opinion that Ethan was a con man.  As a result, the statement that Ethan was a con man is pure opinion and absolutely privileged.  RESTATEMENT (SECOND) OF TORTS § 566, cmt. c (1977).  However, our inquiry does not end there.

Unlike other statements by Rusnak, the factual statement that Andes Roofing deletes negative reviews is capable of being proven true or false.  It is an objective verifiable fact as to whether Andes Roofing deleted negative reviews on

---

[4] The Court notes that Ethan Andes, individually, is not a party to this suit and thus any alleged defamation of Andes is not an issue before this Court on appeal.

-16-

Google.  Such statement is neither subjective nor expresses an opinion but was presented as a factual statement to support Rusnak's opinion that Ethan was a con man which again, would logically be imputed to his company.  Also, this statement of fact is certainly defamatory, as the practice of deleting negative reviews can be viewed as dishonest and unscrupulous.

In this situation, the RESTATEMENT (SECOND) OF TORTS § 566, cmt. c (1977) specifically provides:

> (1) If the defendant bases his expression of a derogatory opinion of the plaintiff on his own statement of false and defamatory facts, he is subject to liability for the factual statement but not for the expression of opinion.

Under the above, if Rusnak's statement that Andes Roofing deleted negative reviews is false, Rusnak is liable for the false factual statement but not for his opinion that Ethan is a con man.  *See Cromity*, 494 S.W.3d at 503.  Conversely, if Rusnak's statement that Andes Roofing deleted negative reviews is true, Rusnak is not liable for the factual statement or for his opinion that Ethan was a con man.  The circuit court committed reversible error by concluding that the above factual statement by Rusnak was nonactionable, and we reverse the circuit court's dismissal solely upon this ground pursuant to KRS 454.472(1)(c).  Upon remand, the veracity of Rusnak's factual statement shall be determined by the circuit court upon allowing appropriate discovery by the parties if requested.

Accordingly, we affirm in part and reverse in part the circuit court's dismissal of Andes Roofing defamation claim and remand for proceedings consistent with this Opinion.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Dayton N. Blair | T. Scott Abell |
| Parker M. Wornall | Louisville, Kentucky |
| Louisville, Kentucky | |